AT

## DES MOINES, MAY TERM, A. D. 1890.

IN THE FORTY-FOURTH YEAR OF THE STATE.

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,  } JUSTICES.
HON. CHARLES T. GRANGER,
HON. JOSIAH GIVEN,

---

## THE STATE v. THOMPSON.

1. **Seduction:** EVIDENCE. In a prosecution for a seduction, the testimony of the prosecutrix that she understood that the defendant had living children other than the one borne by her was improperly admitted, as it was not relative to any issue in the case; and it was prejudicial to the defendant.

2. ———: ———: SECONDARY. In such case it was prejudicial error to permit the prosecutrix to testify that defendant had written to her and others that he was not the father of the child. The letters were the best evidence of what he had written, and there was no offer to produce them nor to account for them.

(703)

3.  ——: ——: SUBSEQUENT OFFER AND REFUSAL OF MARRIAGE. In such case the facts that defendant, after the seduction, offered to marry the prosecutrix, and that she refused, were competent only as bearing upon the question whether or not the alleged seduction was accomplished by means of a promise of marriage. Such offer of marriage, when not accepted by the prosecutrix, is no bar to the prosecution, under section 3868 of the Code.

*Appeal from Ringgold District Court.*—HON. R. C. HENRY, Judge.

FILED, MAY 8, 1890.

THE indictment in this case charged the defendant with the seduction of one Nellie Patterson, alleged to be an unmarried woman of previous chaste character. Upon a trial, the defendant was found guilty, and sentenced to imprisonment in the penitentiary. He appeals.

*Laughlin & Campbell,* for appellant.

*John Y. Stone,* Attorney General, for the State.

ROTHROCK, C. J.—It appears from the evidence in the case that in August, 1885, the complaining witness

1. SEDUCTION: evidence. was a young girl, and resided with her parents on a farm in Ringgold county. The defendant is a young man, and is a resident of the same neighborhood. At about the date above named, the defendant commenced paying his addresses to her, and continued to be her suitor until March, 1886, when he went to the state of Nebraska. During the courtship, the parties were engaged to be married, and they indulged in sexual intercourse. The defendant remained in Nebraska until January, 1887, when he returned and remained for a time, and they again had improper relations with each other. The defendant returned to the state of Nebraska, and the result of the improper intercourse was that the prosecuting witness was delivered of a child in November, 1887. The evidence as to the promise of marriage is quite satisfactory. Indeed,

The State v. Thompson.

it was not denied by the defendant in his testimony as a witness upon the trial; and there is evidence from which the jury were fully warranted in finding that the sexual intercourse between the parties was the result of defendant's promise of marriage. While the defendant was in Nebraska several letters were written by the parties to each other. In the examination of the prosecutrix as a witness, counsel for the state asked her this question: "Is it not a fact that you understand the defendant has got other living children?" The defendant objected to the question, as being incompetent; the objection was overruled, and the witness answered the question in the affirmative. This evidence was, in our opinion, improper, in any view of the case. It did not tend to prove the illicit intercourse, nor that it was the result of a promise on the part of the defendant to marry the witness. It appears from other evidence in the case that the prosecutrix heard these rumors before she claimed to have been seduced, and there is some plausibility in the thought that the evidence was as prejudicial to the prosecution as to the defense. But the fact remains that the question and answer had a direct tendency to prejudice the defendant in the estimation of the jury.

II. Another question propounded to the witness was as follows: "Is it not a fact that he has written to you and others in your neighborhood charging others with being the father of your child?" This question was objected to, for the reason that the letters would be the best evidence, and that it is hearsay and incompetent. The objection was overruled, and the witness answered as follows: "Yes, sir; he wrote back that he was not the father of the child." This evidence was plainly incompetent. It directly tended to induce the jury to believe that the defendant was guilty of the perfidy of seducing the plaintiff, and then attempting to charge the paternity of the child upon others; and there was no offer to produce the letter or letters referred to by the witness, nor

2. ——: ——:
secondary.

The State v. Thompson.

to show that they were lost, so as to authorize second-ary evidence of their contents.

III.   Other errors are complained of which we need not determine, as they will not probably arise upon a new trial.   But it is proper to say that we think that during the trial too much impor-tance was attached to the fact that at one time, after the alleged seduction, the prosecutrix refused to marry the defendant.   This refusal is fully explained by her as being born of her remorse in having surrendered her virtue to the defendant.   It is well to bear in mind that the crime upon the part of the defendant was complete if he seduced the prosecutrix, and led her away from the paths of virtue, and that he accomplished his purpose by a promise of marriage. The subsequent correspondence between the parties, and their subsequent acts and conduct, are competent evidence as bearing upon the question of seduction, and that only.   If the prosecutrix at one time refused to marry the defendant, the refusal would be evidence upon the question whether she intended to marry him when the criminal intercourse took place.   And the same may be said with reference to the alleged will-ingness of the defendant to marry the prosecutrix.   It is to be remembered that this is a criminal prosecution, and not a civil action, for seduction.   The statute (Code, sec. 3868) provides that "if before judgment upon an indictment the defendant marry the woman thus seduced, it is a bar to any further prosecution for the offense."   The mere willingness of the defendant to marry the woman is no bar.   It may be a proper fact to be considered upon the question as to whether the woman was really seduced, or to be presented to the court at the proper time, in mitigation of punishment. For the errors above pointed out the judgment of the district court is                          REVERSED.