# SUPREME COURT

OF

## THE STATE OF IOWA,

AT

## DES MOINES, MAY TERM, A. D. 1891,

IN THE FORTY-FIFTH YEAR OF THE STATE.

THE STATE OF IOWA, Appellant, v. JOHN MACKEY, Appellee.

| 82 | 393 |
| 95 | 388 |
| 82 | 393 |
| 98 | 667 |
| 82 | 393 |
| 103 | 52 |
| 82 | 393 |
| f134 | 241 |
| 82 | 393 |
| 138 | 337 |

1. **Seduction:** OFFER OF MARRIAGE: EVIDENCE. Where in a prosecution for seduction it appeared that the defendant was a man, thirty-five years of age, and the prosecutrix, who was a child only a few days past fourteen years old, and mentally weak for one of her age, testified that before the first act of sexual intercourse with the defendant he promised to marry her, and represented that other young girls of the neighborhood were in the habit of engaging in sexual intercourse, *held*, that the court should have permitted the fullest investigation of all the acts and declarations of the defendant touching his relations with the prosecutrix from the time of their first acquaintance down to the trial, to the end that it might be shown whether the defendant's promise of marriage was made in good faith, or merely to gain the opportunity to gratify his lust.

( 393 )

2. ——— : ——— : ———. It is not incumbent upon the state in such a case to satisfy the jury by evidence beyond a reasonable doubt that the defendant had refused to marry the prosecutrix. Nothing less than an actual marriage is a bar to such a prosecution.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

TUESDAY, MAY 12, 1891.

THE defendant was indicted and tried for the crime of seduction. The jury returned a verdict of not guilty, and he was discharged. The state appeals.—*Reversed.*

*John Y. Stone,* Attorney General, *C. S. Rank,* County Attorney, and *M. J. Wade,* for the State.

No appearance for the appellee.

ROTHROCK, J.—I. Mary M. Costello, the prosecutrix in the case, is the daughter of a farmer in Johnson

1. SEDUCTION: offer of marriage: evidence.

county. It is not denied by the defendant that he repeatedly had sexual intercourse with her. Before any evidence was introduced upon the trial the defendant caused the following admission to be made of record : "It is admitted on the part of the defense that the defendant had intercourse with the prosecutrix, and is the father of the child born to her ; and it is conceded that he did promise to marry the girl, and that he loved her."

A great many exceptions were taken by the state to rulings of the court on the admission and exclusion of evidence ; and nearly the whole charge to the jury was also excepted to. Many of these questions were presented by the assignment of errors, and are argued by counsel. As is usual in the appeals by the state in criminal cases, there is no appearance for defendant. The verdict of not guilty is a final disposition of the charge as to defendant, and there is no motive for him to follow an appeal to this court. The only object of the appeal is to obtain from this court an authoritative exposition of the law upon disputed questions. In view

of the character of the appeal it is not proper for this court upon a mere *ex parte* appeal to discuss and dispose of technical questions as to the admission or exclusion of evidence, unless they present some important question of law proper to be determined as a precedent in the criminal practice in the district courts of this state. We will not set out nor discuss these alleged errors further than to say that we think that in the trial of the case too much importance was attached to the admissions of the defendant, above set out.

The prosecutrix, at the time she yielded to the defendant, was a child a few days past the age of fourteen, and the evidence tends to show that she was not only a child in years, but that she was of weak mental development for one of her age. She testified as a witness that before the first act of sexual intercourse the defendant not only promised to mary her, but that he stated to her that many others of the young girls of the neighborhood were in the habit of engaging in sexual intercourse. We have stated these facts in brief, that it may be seen that it was an important question in the case whether the defendant, a man of thirty-five years of age, entered into a contract of marriage with a weak-minded child of fourteen in good faith, and intending to perform his undertaking, or whether his promise was made merely to gratify his lust. There is no evidence in the case that he bore the relation of a suitor to the prosecutrix. Her family at no time suspected that there was any courtship between the parties. In view of these considerations, we think the court should have permitted the fullest investigation of all the acts and declarations of the defendant touching his relations with the prosecutrix from the time of their first acquaintance down to the trial. Much of such evidence was excluded from the jury on the objection of the defendant. The state was permitted to show that the defendant continued to have sexual intercourse with the prosecutrix for months after the first connection. It is true, if the prosecutrix was seduced, the crime was complete when she first surrendered her

person to defendant; but subsequent acts were proper to be considered by the jury in determining whether the criminal intent existed at the first act, and whether the defendant in good faith intended to perform his promise. The court appears to have been of the opinion that subsequent acts did not tend to prove that there was seduction. We think that was a question for the jury.

II. The instructions to the jury are in the main plain, clear, forcible and, as we believe, correct rules of law, applicable to the facts disclosed in evidence. There is one paragraph of the charge, however, which we believe cannot be sustained. It is as follows: "As to burden of proof of defendant's willingness to marry the prosecutrix, if you should have occasion to pass upon that question, you are instructed that it is incumbent upon the state to satisfy you by the evidence beyond a reasonable doubt that the defendant has refused to marry her, and if it has not done so you will find against the state on such issue; but such proof need not be by words of express refusal, but may be established by the facts and circumstances, if any there be, shown by the evidence."

2. THE same.

It appears to us that this is not the law as applicable to the facts of this case. We do not think the state ought to be required, on the trial of an indictment for seduction under promise of marriage, to prove beyond a reasonable doubt that the defendant refused to marry the prosecuting witness. She may have, no doubt often has, good reasons for refusing to accept his offer. His conduct may be such after he has accomplished his purpose as to make him unworthy of an alliance, even with the woman he has seduced. His offer of marriage is not a bar to the indictment. Nothing less than an actual marriage is a bar to the prosecution. Code, sec. 3868; *State v. Thompson*, 45 N. W. Rep. 293. REVERSED.