[No. 20932.    Department Two. — March 6, 1893.]

## THE PEOPLE, RESPONDENT, *v.* MIGUEL SAMONSET, APPELLANT.

CRIMINAL LAW — SEDUCTION UNDER PROMISE OF MARRIAGE — EVIDENCE — CHASTE CHARACTER OF PROSECUTRIX — QUALIFICATION OF WITNESS. — On the trial of a defendant charged with the seduction of an unmarried female of previous chaste character, under promise of marriage, the testimony of a witness for the prosecution that he had known the prosecutrix for one or two years, and had roomed in the house where she was employed, and had never known of any improper conduct on her part, is not objectionable upon the ground that it did not appear that the witness had had opportunities for observation sufficient to qualify him to testify.

ID. — COMPETENCY OF EVIDENCE. — Testimony of a witness for the prosecution that the prosecutrix had lived with her for two years, and during all that time was a woman of good character and good repute, is admissible as tending to prove that the prosecutrix was a woman of previous chaste character.

ID. — GOOD FAITH IN MAKING PROMISE. — The offense of the seduction of an unmarried female of previous chaste character, under promise of marriage, as defined by section 268 of the Penal Code, is complete, if, under and by means of the promise of marriage, the female is induced to surrender her chastity to the promisor, and he then refuses to fulfill his promise; and it is no defense to a prosecution therefor that when he made the promise he intended in good faith to carry it out.

ID. — CROSS-EXAMINATION — IMPEACHMENT OF DEFENDANT — CONTRADICTORY AFFIDAVIT — REFERENCE TO INADMISSIBLE AFFIDAVIT. — The trial court properly permitted the prosecution to read in evidence, upon cross-examination of the defendant, an affidavit made and used by him upon a motion for a new trial in a civil action instituted against him by the prosecutrix, where it appeared that the affidavit tended to contradict the statements made upon his examination in chief, and properly refused to allow the defendant to read certain affidavits therein referred to, which were not admissible for any purpose.

ID. — INSTRUCTIONS — MATTERS OF FACT — PREVIOUS CHASTE CHARACTER. — An instruction asked for by the defendant, to the effect that if the jury should find that prior to the alleged seduction the prosecutrix committed lewd and immodest acts, and did not deport herself as a virtuous woman should, that, in that event, she was not, at the time of the alleged seduc-

tion, a female of previous chaste character, even if it should appear that
she did not actually have illicit sexual intercourse, is an instruction
upon matters of fact, and is properly refused by the court.

ID. — REQUEST FOR INSTRUCTION ALREADY GIVEN. — The refusal of the
court to give an instruction to the jury, asked for in a criminal prosecu-
tion, is not error, where the matter contained therein is clearly and
fully stated in another instruction already given.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Stephen M. White,* and *F. H. Howard,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

BELCHER, C. — The defendant was charged with the
crime of seducing an unmarried female of previous
chaste character, under promise of marriage. He was
tried and convicted, and the judgment was that he pay
a fine of one thousand dollars, and if not paid, that he
be imprisoned in the county jail one day for every two
dollars thereof until it is satisfied. The appeal is from
this judgment, and an order denying defendant's motion
for a new trial.

It is argued for appellant that the court below com-
mitted several prejudicial errors in its rulings upon the
admission of evidence, and also in its refusal to give to
the jury certain instructions asked, and hence that the
judgment should be reversed.

The prosecutrix testified, in substance, that she first
became acquainted with defendant in March, 1890, and
that on the 16th of October following he promised to
marry her, and to have the marriage ceremony per-
formed on the 5th of November; that immediately after
the engagement he went to the church and spoke to the
priest about it, and had the banns published three times,
the first publication being on the 19th of October; that
on the 22d of October, defendant called to see her, and
then told her that he was like her husband, and she was

XCVII. CAL.—29

like his wife, and that he loved her, and no one else, and was certainly going to marry her on the 5th of November, and had a right to do everything he wanted with her; that she loved him, and believed everything he said, and then allowed him to have sexual intercourse with her, and that but for his promises and persuasions she would not have done so; that on the 5th of November he postponed the marriage until the 15th of the same month, and then failed to appear, and went off to France, and was gone till August of the next year.

She also testified that she had never been married, and had never had sexual intercourse with any other man, and never with the defendant except upon the one occasion above mentioned.

One Slatri was next called as a witness by the prosecution, and testified that he had known the prosecutrix for one or two years, and had roomed in the house where she was employed, and had never known of any improper conduct on her part. This evidence was objected to by the defendant as immaterial and irrelevant, and it is urged that it did not appear that the witness had had *opportunities for observation sufficient to qualify him to testify.* The objection was overruled, and we think properly.

The prosecution next offered to prove by a Mrs. Maxwell that the prosecutrix had lived with her for two years, and during all that time was a woman of good character and good repute. This evidence was objected to by the defendant, so far as it related to the prosecutrix's good reputation, upon the ground that it did not tend to establish her " previous chaste character." The objection was overruled, and in this ruling we see no prejudicial error. It was incumbent upon the prosecution to prove that the prosecutrix was a woman of previous chaste character, and the offered evidence, in connection with her own testimony, seems clearly to tend in that direction.

In making his defense, the defendant claimed and offered to prove that at the time of his engagement to

marry the prosecutrix he was sick and suffering from chronic liver complaint, and in such a condition as to inhibit him from marrying with safety; that he was advised by his physicians to take a sea voyage, and in pursuance of their advice he left and went to France, his native country; that the prosecutrix knew of his condition, and that all his actions with her were in good faith; and hence his failure to carry out his engagement was excusable. And in support of this theory, he asked the court to instruct the jury as follows: "If you find from the evidence that the defendant had sexual intercourse with the prosecutrix, as testified by her, and that at the time he had such intercourse he intended to marry her, and stated to her in good faith what he believed to be true, and made no representations of any kind directly or indirectly to her which he did not then and there in good faith believe to be true, and did not in any way deceive her, and intended at such time to fully carry out all his promises, then the court charges you that no offense was committed."

The court refused to admit most of the offered evidence, and refused to give the instruction asked, and these rulings are assigned as error.

The promise to marry, and the intercourse at the time and under the circumstances stated by the prosecutrix, were practically admitted by the defendant, and he simply sought to escape the consequences by proving that when he made the promise he intended in good faith to carry it out.

The offense charged is defined in section 268 of the Penal Code as follows: "Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable," etc. And the next section provides: "The intermarriage of the parties subsequent to the commission of the offense is a bar to a prosecution for a violation of the last section; *provided,* such marriage take place prior to the finding of an indictment or the filing of an information charging such offense."

Under these sections we do not think that defendant's good faith was a matter of any consequence in determining as to his guilt or innocence. If under and by means of his promise of marriage he induced the prosecutrix to surrender her chastity to him, and then refused to fulfill his promise, the offense was committed, whatever his intentions may have been when such promise was made, and a subsequent marriage would not have prevented a conviction, unless it took place before the information was filed. There was no error, therefore, in the rulings complained of under this head.

In connection with the cross-examination of defendant, the prosecution read in evidence an affidavit made and used by him upon a motion for new trial in a civil action instituted against him by the prosecutrix. This affidavit referred to accompanying affidavits made by Patrick O'Neal and Web Smith. The defendant objected to his affidavit being read, and the objection was overruled. He then offered to read the affidavits of O'Neal and Smith, but on objection by the prosecution they were excluded. It is argued that both of these rulings were erroneous, but we think them proper. The affidavit of defendant tended to contradict in some respects his statements on his examination in chief, and the affidavits of O'Neal and Smith were clearly inadmissible for any purpose. But if otherwise, the makers of them were both in court, and were called and examined by defendant as witnesses.

To prove that the prosecutrix was not a woman of previous chaste character, the defendant testified that he had sexual intercourse with her several times prior to his engagement to marry her, and he also called other witnesses to testify that in the summer and fall of 1890 she lived in a house of bad repute, and to which prostitutes resorted at night, and that she had on several occasions committed immodest acts, and deported herself as a lewd woman. This testimony was all objected to by the prosecution, so far as it related to acts subsequent to the alleged seduction, and excluded. And in

rebuttal the prosecutrix positively denied that she ever had sexual intercourse with the defendant prior to October 22d, and also denied most of the statements of the other witnesses as to her immodest acts.

In support of his theory upon this point, the defendant asked the court to instruct the jury as follows: " If you find from the evidence that immediately before and up to the time of the alleged seduction, the prosecutrix resided in a house of bad character, and which was then habitually resorted to by lewd and lascivious people, you have a right to take such facts into consideration, as tending in some degree to show that the prosecutrix was not at such time a person of chaste character."   "If you find from the evidence that prior to the alleged seduction the prosecutrix committed lewd and immodest acts, and did not deport herself as a virtuous woman should, then the court instructs you that, in that event, she was not at the time of the alleged seduction a female of previous chaste character, even though it should appear that she did not actually have illicit sexual intercourse; and if you so find, the defendant must be acquitted."

The first of these instructions was given, and the last refused, and this refusal is assigned as error.

The constitution declares that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." (Const., art. VI., sec. 19.)   The instruction refused was clearly upon matters of fact, and if given, it would have been in contravention of this provision of the constitution.   Courts have no right to instruct juries on controverted facts, nor on the weight of evidence.   The refusal was therefore not error.

The defendant also asked the court to give this instruction: " You should remember that all presumptions in this case are in favor of the innocence of the defendant, and that there are no presumptions in favor of the innocence of the prosecutrix."

The instruction was refused, but the court had already, in another instruction asked by defendant, stated

to the jury very clearly and fully the law upon this subject. There was no error, therefore, in refusing to state it a second time.

Some other minor points are made, but they do not, in our opinion, require special notice. After carefully going over the record, we find no prejudicial error calling for a reversal, and therefore advise that the judgment·and order be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given.in the foregoing opinion, the judgment and order are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.