STATE OF IOWA v. WILLIAM BAUERKEMPER, Appellant.

**Seduction:** EVIDENCE.   As the date of seduction is not material, the
evidence of the defendant that he had intercourse with the prose-
cutrix the week before the time at which she says the seduction
occurred, does not overcome the presumption of chastity.

**Refusal of Offer of Marriage.**    An offer to marry after learning of
prosecutrix's pregnancy is not admissible to prove that there
was not a promise of marriage before the intercourse, but solely
as tending to show that intercourse was obtained under promise
of marriage or acts leading prosecutrix to believe that defendant
would marry her if she submitted.

CORROBORATION.   Must go to debauching and to the use of seductive
arts.    In this case admitted intercourse and offer of marriage
after learning of pregnancy are held to be such corroboration.

**Instruction.**    Held to state that corroboration must go to the inter-
course and seductive arts.

LEADING QUESTIONS.    A reluctant witness may be asked leading ques-
tions.

*Appeal from Pottawattamie District Court.*—HON. A. B.
THORNELL, Judge.

THURSDAY, OCTOBER 10, 1895.

The defendant was indicted, tried, and convicted
of the crime of having seduced one Annie Demitz, an
unmarried woman of previous chaste character.   Judg-
ment of imprisonment in the penitentiary at Ft. Madi-
son for a period of fourteen months was pronounced
against the defendant, from which he appeals.—
*Affirmed.*

*Mayne & Hazelton* for appellant.

*Milton Remley,* attorney general, and *W. A. Mynster* for the state.

Given, C. J.—Appellant's first contention is that the court erred in overruling his objection to questions put by the state to the prosecuting witness, "as leading and suggestive." It is clear from the face of this record that in the examination in chief of the prosecutrix the questions were very generally leading and suggestive, and the court seems to have so regarded them. At one time, in overruling the objection, the court said, "It appears difficult to induce the witness to tell the story of her own accord, and this objection is overruled." In another instance the court said: "Well, it is leading; but it appears to be difficult for this witness to bring herself up to the point of answering. Objection overruled." We conclude from the record before us that there was no abuse of the discretion resting in the court, in permitting the course of examination pursued in this instance.

II. The court, in instructing as to the elements of the crime charged, in the second paragraph of the instructions, omitted to state that the prosecutrix must have been of previous chaste character. In the subsequent paragraph of the charge the matter of chastity was submitted as an inquiry for the jury. It was instructed that chastity was the general rule, and the want of it the exception, and that the law presumes the woman to be chaste until the contrary is shown, and that, in the absence of evidence attacking the character of the prosecuting witness in that respect, the state is not called upon to offer evidence in support of her character for chastity. This statement of the law is not questioned, but it is argued that, as the defendant testified to having had

sexual intercourse with the prosecutrix one week prior to the date testified to by her, at the latter date, she was not of chaste character. It was immaterial upon which date the seduction was consummated, and this statement of the defendant did not, under the law, make it incumbent on the state to offer evidence of chastity.

III. Defendant contends, on authority of *Andre v. State,* 5 Iowa, 389, that the corroboration required by our statute must not only be as to the debauching, but also as to the use of seductive arts. We understand the instruction complained of to lay down this rule. The court, after instructing as to the statute, used the following language: "In this case the defendant cannot be convicted on the testimony of Annie Demitz alone, but if there is evidence, other than that of the prosecuting witness, showing that the defendant had carnal knowledge of her, or that such carnal knowledge, if same is shown, was obtained by means of promises of marriage, or seductive arts, as before explained, such evidence will be proper to be considered by you in corroboration of the evidence of said Annie Demitz." Taking the whole instruction together, we think the jury must have understood the law to be as claimed by the appellant.

IV. There was evidence tending to show that, after the defendant learned of the pregnancy of the prosecutrix, he expressed a willingness to marry her, and that at the preliminary hearing before the justice he produced a marriage license, and offered to marry the prosecutrix, and that she declined unless he would give bond that he would continue to live with her, in good faith, for three years. The court instructed that this evidence should only be considered "so far as it may tend to throw light upon the question whether he obtained carnal knowledge of her by means of promises of marriage, or by means of words and acts on his part done and spoken by him to

lead her to believe, and which did lead her to believe, that if she submitted to his desires he would marry her." Appellant asked for an instruction, which was refused, to the effect that the offer of marriage should be considered, in deciding whether or not the consent of the prosecutrix to the illicit intercourse was obtained by promise of marriage. It is contended in argument that this evidence was introduced by the defendant for the purpose of showing, by her refusal to marry, that there had been no promise of marriage. We think there was no error in refusing the instruction asked, nor in giving that complained of.

V. Appellant's remaining complaint is that the court erred in overruling his motion for a new trial upon the ground that the verdict is not sustained by the evidence. It is true that the testimony of the prosecutrix is disconnected, and somewhat contradictory, and also true that there is not the usual corroboration as to the use of the seductive arts. Indeed, the only corroboration on this part of the case is in the defendant's offer to marry, and his own admission of illicit relations. Our conclusion, upon a careful reading of the evidence, is that the jury was warranted in reaching the verdict that it did; and, as we find no errors prejudicial to the defendant, the judgment of the district court is *affirmed*.