Argued October 26; decided November 8, 1897.

## STATE v. WISE.

[50 Pac. 800.]

1. OFFER TO MARRY AS A DEFENSE TO SEDUCTION.—Under 1 Hill's Ann. Laws, § 1863, making a subsequent marriage of the parties a defense to a prosecution for seduction, an unaccepted offer to marry, made by defendant after his indictment, is insufficient.

2. CONSIDERING ANOTHER CHARGE IN AGGRAVATION OF SENTENCE.—A sentence which is within the statutory limits is not invalid because the court, in passing the same, took into consideration another indictment then pending against defendant, in aggravation of the punishment.

From Multnomah: THOS. A. STEPHENS, Judge.

John Edward Wise was convicted of seduction and appeals.

.          AFFIRMED.

For appellant there was a brief over the name of *Joseph & Meier*, with an oral argument by *Mr. Frank Schlagel.*

For the state there was a brief over the names of *Chas. F. Lord*, district attorney, and *Daniel J. Malarkey*, with an oral argument by *Mr. Cicero M. Idleman*, attorney-general, and *Mr. Malarkey.*

MR. JUSTICE BEAN delivered the opinion:

The defendant was convicted of the crime of seducing one Sadie Lamb under promise of mar-

riage. When the case was called for trial, but before the commencement thereof, the defendant's counsel, in open court, in the presence of the prosecutrix and other parties, produced a marriage license authorizing the solemnization of a marriage between the defendant and the prosecutrix; and the defendant thereupon offered to marry her, and requested the trial judge to perform the ceremony, but she declined. Whereupon defendant's counsel moved to dismiss the indictment on account of such offer and refusal, which being overruled, the trial proceeded, at the close of which he requested the court to instruct the jury that the offer of marriage referred to was a defense to the action, and that the defendant should be acquitted. This request was also refused, and an exception duly noted. It further appears from the record that at the time sentence was passed upon. the defendant there was pending against him an indictment for the crime of concealing the death of a child, and the trial judge certifies that in passing sentence he took into consideration such indictment, in aggravation of the punishment imposed; and this is also claimed to have been reversible error. Of these assignments of error in their order:

1. Granting, for the purposes of this case, that the question of the effect of defendant's offer to marry was properly raised in the court below, and is presented by the record, there is manifestly no merit in his contention. The statute provides that a subsequent marriage of the parties is a defense to a prosecution for seduction (1 Hill's Ann. Laws,

§ 1863), but it does not provide or contemplate that. the guilty party shall escape punishment, when he finds the doors of the penitentiary about to open to him, by a mere offer of marriage, unless it is. accepted by the injured female. The authorities are practically unanimous that nothing but an actual marriage is, under a statute like ours, a bar to the prosecution: *State* v. *Thompson*, 79 Iowa, 703 (45 N. W. 293); *State* v. *Mackey*, 82 Iowa, 393 (48 N. W. 918); *State* v. *Bauerkemper*, 95 Iowa, 562 (64 N. W. 609); *State* v. *Brandenberg*, 118 Mo. 181 (23 S. W. 1080); *People* v. *Samonset*, 97 Cal. 448 (32 Pac. 520); *State* v. *Whalen*, 98 Iowa, 662 (68 N. W. 554). The decision from the court of appeals of Kentucky (*Commonwealth* v. *Wright*, 27 S. W. 815), that an offer of marriage is sufficient, is the only case to. which our attention has been called, or which we have been able to find, holding such a doctrine; and the court cites no authorities to support its position, nor does it make any reference to the adjudications in other jurisdictions upon the question, and, so far as we can ascertain, its judgment. has not been approved elsewhere. It proceeds upon the theory that the statute is only designed to compel the seducer to fulfill his promise, and not to punish him for a crime against good morals and common decency. But, as we take it, the gravamen of the offense is the act of seducing and debauching an unmarried female, of previous chaste character, under or by means of a promise of marriage; and the crime is complete as soon as the act is accomplished, although a subsequent marriage. is by

statute a bar to a prosecution. But a refusal by the prosecutrix to accept an offer from the seducer to marry her is no defense; for, as said by Mr. Justice ROTHROCK in *State* v. *Mackey*, 82 Iowa, 393 (48 N. W. 918): "She may have, and no doubt often has, good reasons for refusing to accept his offer. His conduct may be such after he has accomplished his purpose as to make him unworthy of an alliance, even with the woman he has seduced. His offer of marriage is not a bar to the indictment. Nothing less than an actual marriage is a bar to the prosecution." There was no error of the court in its ruling upon this point.

2. Nor is there anything in the other point contended for by defendant. The extent of the punishment, within the limits of the statute, was within the discretion of the trial judge, and the fact that he may have considered in aggravation thereof another charge against the defendant does not invalidate the sentence: 1 Bishop's New Criminal Law, § 948. It follows that the judgment must be affirmed, and it is so ordered.

<div align="right">AFFIRMED.</div>

<div align="center">

Decided January 17, 1898.