STATE v. WILLIS TONY CADDELL.

(Filed 3 November, 1965.)

APPEAL by defendant from *Olive, E.J.,* June 21, 1965 Criminal Session, DAVIDSON Superior Court.

The Grand Jury returned a bill of indictment charging the defendant with the felonious breaking, entering into, and larceny of a TV set and $25.00 in money from a storehouse occupied by South Main Sunoco Service Station. Some questions arose with respect to the

form of the indictment in that it failed to designate the ownership of the property stolen. Whereupon, by agreement with the Solicitor, the defendant and his counsel, in writing, waived indictment and entered a plea of guilty to a written information signed by the Solicitor charging the felonious breaking into the storehouse occupied by South Main Sunoco Service Station and the larceny therefrom of described personal property of Carl Massey of the value of $175.00. The court imposed a single prison sentence of not less than six years nor more than ten years. The defendant appealed.

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*
*Ned A. Beeker, Court Appointed Counsel for defendant appellant.*

PER CURIAM. The defendant's court-appointed counsel, by brief and by oral argument here, urged that the court committed error in giving consideration to the FBI fingerprint record presented to the court on the question of punishment. The record disclosed a number of arrests without showing what disposition was made of the cases.

The punishment imposed was well within the limits prescribed for housebreaking. The fingerprint record was presented in open court in the presence of defendant and his counsel. They had opportunity to point out any errors in the record or to make any explanations with respect thereto. We are sure the careful and conscientious Judge did not give any improper consideration to the fingerprint record. In the judgment, we find

No error.