Joseph Ervin **EGELAK**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 855.

Supreme Court of Alaska.

March 21, 1968.

---

6. Isler v. Jensen, 382 P.2d 901, 902 (Alaska 1963); Lowe v. Boggess, 375 P.2d 199, 200 (Alaska 1962).

Warren W. Matthews, Jr., of Burr, Boney & Pease, Anchorage, for appellant.

Robert N. Opland, Dist. Atty., and Mark C. Rowland, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

**RABINOWITZ, Justice.**

In this appeal appellant asks that the case be remanded to the superior court for resentencing because of irregularities which occurred in regard to sentencing procedures prior to the entry of judgment and commitment. In light of our review of the record in this case, we are of the opinion that none of the asserted irregularities in the sentencing procedures resulted in any fundamental unfairness to appellant. We, therefore, affirm the superior court's denial of appellant's motion for resentencing.[1]

In the lower court appellant was indicted for the crime of first degree murder. In part, the indictment charged appellant killed his wife "by beating her with his hands and a broom." After counsel was appointed, appellant entered a plea of not guilty.[2] Upon appellant's subsequent motion this plea was withdrawn and appellant plead guilty to the lesser included offense of manslaughter.[3] At the time appellant's change of plea was permitted, the superior court ordered that a presentence investigation be conducted and a report made before imposition of sentence.[4]

The record shows that shortly before the actual sentencing was scheduled to take place appellant's counsel was requested to come to the judge's chambers. Upon counsel's entering chambers he

observed that the District Attorney was exhibiting to the Judge enlarged photographs of the body of the * * * [appellant's] wife in the condition in which she was found by the police shortly after her death.[5]

1. Alternatively appellant has requested that we reduce the sentence by an appropriate term of years.

2. Mr. Matthews was initially appointed by the district court where he represented appellant at the preliminary hearing.

3. The punishment prescribed by AS 11.-15.040 for the crime of manslaughter is "not less than one year nor more than 20 years."

4. Crim. R. 32(c) (1) provides:
   The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

5. This language is taken from counsel for appellant's affidavit in support of his motion for resentencing and for a protective order. By this motion appellant sought to have the sentence imposed by the court set aside. Appellant also sought

**714**

Within twenty minutes after these in-chambers events occurred, appellant was sentenced in open court. At the in-court sentencing proceedings, the district attorney recommended that appellant receive the maximum sentence of twenty years for the crime of manslaughter.[6] After hearing from appellant's counsel and appellant, the court imposed a sentence of fifteen years imprisonment. Following the imposition of sentence, appellant filed a motion for resentencing and a protective order. This motion was denied. Appellant now appeals to this court from the superior court's denial of this motion.

One of the three points raised by appellant in this appeal is that the superior court erred in denying his motion for resentencing "because prejudicial error was committed in exhibiting to the sentencing judge immediately before sentencing the photographs of the deceased victim." In support of this contention, appellant cites McIntyre v. State[7] which case, in part, concerned the trial court's admission into evidence of photographs of defendant's deceased wife in a jury trial for first degree murder. There we said:

The photographs clearly portray the condition of the body and face as described in the testimony, and thus were relevant with respect to the issue of whether deceased had been beaten as alleged in the indictment. Because they were relevant, the photographs were admissible—unless they possessed some inherently prejudicial qualities which would outweigh their evidential value and impair defendant's right to a fair and impartial trial.

■ Appellant further argues that the McIntyre rule is applicable to sentencing

to obtain a protective order forbidding both the district attorney's office and the Youth and Adult Authority from exhibiting the photographs in question to the sentencing judge and from mentioning that appellant was indicted for manslaughter in 1958. Additionally, appellant asked that he be resentenced by a judge who had not seen the photographs and had no knowledge of appellant's previous indictment for manslaughter.

proceedings and when applied to the facts of the case at bar demonstrates that his motion for resentencing should have been granted "because the probative value of the photographs depicting the body of the victim was greatly outweighed by their prejudicial nature." We disagree with appellant's assertion that the McIntyre criterion governs sentencing proceedings. The McIntyre rule is limited to adjudications involving the determination of innocence or guilt. It is inapplicable in sentencing proceedings in the courts of our state where trial judges, not juries, determine the extent and nature of the sanctions which are to be imposed after determination of guilt.

■ In sentencing, our judges must consider both the possibility of the defendant's reformation and the need for protection of the public.[8] Assistance is accorded the trial judge in the form of presentence reports which are authorized by Criminal Rule 32(c) (2). This rule provides that:

The report of the pre-sentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

Additionally, the prosecutor, defense counsel, and the defendant personally are given the opportunity of furnishing relevant information to the trial judge prior to sentencing.

■ As to the photographs themselves, we are of the view that they were of possi-

6. At the time these events transpired, Mr. Opland had not yet been appointed district attorney.

7. 379 P.2d 615, 617, 8 A.L.R.3d 1231 (Alaska 1963) (footnotes omitted).

8. Alaska Const. art. I, § 12, provides that, "Penal administration shall be based on the principle of reformation and upon the need for protecting the public."

ble assistance to the trial judge in carrying out his weighty responsibilities concerning imposition of sentence. The trial judge is entitled to know to the fullest extent possible the details of appellant's criminal conduct. Not only were the photographs pertinent in this regard but they also shed light on appellant's behavior and character. These are factors which the sentencing judge should take into consideration in determining an appropriate sentence. We, therefore, conclude that it was not prejudicial error for the trial judge to have examined the photographs of the victim's body prior to imposition of sentence. Our trial judges, as a group, are more knowledgeable and experienced than is the ordinary juror in regard to homicide prosecutions. We cannot presume that trial judges would permit themselves to be unduly prejudiced against defendants by virtue of having viewed photographs such as the ones at bar. Review of the record here fails to disclose that the sentencing judge in fact became prejudiced against appellant subsequent to his viewing the pictures of appellant's deceased wife.

■■ Appellant's second point in regard to the ex parte exhibition of the photographs is that this occurrence deprived him of his constitutional right to be present (as well as represented by counsel) at every critical stage of the proceedings against him.[9] It is clear that sentencing is a critical stage in the proceedings against a criminal defendant. Thus, the defendant at sentencing possesses the constitutional right to be present and to be assisted by counsel at such proceedings.[10] Here we find no violation of appellant's constitutional rights.

Admittedly, the record shows that the district attorney was exhibiting to the trial judge photographs of the deceased victim at the time appellant's counsel entered the judge's chambers. On the other hand, the record affirmatively shows that throughout the in-court sentencing procedures, which were held within minutes of the ex parte incident, appellant was present and represented by counsel. Thus, at the critical stage of the actual sentencing proceedings, appellant was not denied his constitutionally protected rights to be present and to be represented by counsel. At the proceeding in open court, counsel had the opportunity to object to the court's having viewed the photographs in chambers and to make any motions and arguments concerning them that he considered appropriate.[11] We, therefore, hold that the district attorney's partial ex parte presentation of the photographs was not tantamount to a denial of appellant's constitutional rights to be present and to be represented by counsel at a critical stage of the criminal proceeding below.

■ Although we do not condone the manner in which the prosecuting attorney initiated the exhibition of the questioned photographs, we cannot, on this record, find that such conduct on the prosecutor's part resulted in prejudicial error. Yet, if the integrity of the administration of criminal justice is to be preserved, both prosecution and defense counsel are obligated to refrain from, and our courts must bar, all attempted ex parte communications of the type here in issue. In the case at bar the prosecuting attorney should have first presented the photographs in open court in the presence of appellant and his counsel.

9. In our decisions in Merrill v. State, 423 P.2d 686, 688–692 (Alaska), cert. denied, 386 U.S. 1040, 87 S.Ct. 1497, 18 L.Ed.2d 607 (1967), and Martinez v. State, 423 P.2d 700, 708 (Alaska 1967), we discussed the question of "critical stages" in criminal proceedings.

10. Crim.R. 38 provides in part:
The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules.
See Noffke v. State, 422 P.2d 102 (Alaska 1967).

11. Appellant's counsel in fact did not voice any objection to the ex parte exhibition of the photographs until he filed his motion for resentencing.

Appellant's final point is that the mention of his previous indictment for manslaughter in the presentence report, and by the district attorney during the in-court sentencing proceedings, was "improper" and "prejudicial" to appellant and resulted in an excessive sentence. At the sentencing proceedings the record reflects that the district attorney stated in part the following:

> Evidence shows that Mr. Egelak, while drinking heavily * * * stabbed and beat his wife to death with a broken piece of a broom handle, it was a vicious beating * * * the evidence also shows that ,—relatively close period of time he was—or plead guilty to * * * or was found guilty to assault and battery on her, so * * * he'd had notice as to this problem. And * * * in a similar incident, much earlier, in which he [had] occasion to stand trial and was found not guilty * * * when arrested * * * or shortly thereafter, informed the State Police that * * * he had beaten this type of thing once before.

Considered in isolation, it is unclear what the district attorney had in mind by his allusion to "a similar incident." It could be taken as referring to the crime of assault and battery by appellant upon his wife. Since the presentence report had been made available to the district attorney, defense counsel, and trial judge prior to the time set for hearing, we assume that the presentence report contained a reference to the fact that appellant had been previously indicted for the crime of manslaughter and had been acquitted thereof after trial by jury.[12] In light of this supposition, we further postulate that counsel and the trial judge understood that the district attorney's "similar incident" comment related to appellant's previous acquittal of an earlier manslaughter charge.

Taking the foregoing as the relevant data, we are of the opinion that the district attorney's remarks do not require the setting aside of the judgment and commitment. While the district attorney's participation in the sentencing procedures would hardly qualify as model advocacy, we think that our trial judges possess the requisite degree of perceptiveness to recognize and discount any attempt at overreaching, exaggeration, or unfair tactics on the part of counsel. Judges are expected to be at home in frequent extremes of adversary presentation and not to be unduly susceptible to strident pleas for the imposition of harsh sanctions. To a large extent we must rely upon the intelligence, experience, integrity, and discretion of our trial judges in sentencing matters. Here we cannot find that the district attorney's remark concerning an allegedly similar incident prejudiced the trial judge to the extent that he imposed an excessive sentence.

We have previously set out the text of Criminal Rule 32(c) (2) which delineates those matters which should be covered in the presentence report. The rule contemplates that the report shall include such matters as the defendant's characteristics, financial condition, and the circumstances affecting his behavior which may be helpful in imposing sentence. Additionally, our presentence rule states that the report shall contain any prior criminal record of the defendant. Appellant's position is that Criminal Rule 32(c) (2) does not authorize the inclusion of references to crimes of which a defendant has been acquitted. Appellant argues that an acquittal does not constitute part of a "prior criminal record" within the contemplation of the rule, nor can an acquittal be characterized as a circumstance affecting behavior that may be helpful in imposing sentence.

12. This assumption is necessitated because of the failure of counsel to make the presentence report part of the record on this appeal. The state in this appeal does not contest appellant's assertion that the report related that appellant had been indicted and subsequently acquitted of a manslaughter charge.

In Thompson v. State [13] the presentence report contained reference to appellant's admissions of guilt concerning two charges which had been dismissed. There appellant contended that the inclusion in the presentence report of his admissions of guilt as to the two dismissed charges constituted error. In holding that there was no error arising from the report's inclusion of this subject matter, we relied in part on the authority of the Supreme Court of the United States' decision in Williams v. People of State of New York [14] where in regard to the sentencing function of the trial judge, it was stated:

> Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive

rules of evidence properly applicable to the trial.[15]

The interpretation we placed upon Criminal Rule 32 in the *Thompson* case requires that we reject appellant's assertions in respect to the reference in the presentence report to appellant's previous indictment for, and acquittal of, the crime of manslaughter.[16] We emphasize again our belief that in carrying out his difficult task of determining an appropriate sentence, the trial judge should possess the "fullest information possible concerning the defendant's life and characteristics." Here we cannot say that the inclusion of this disputed information was not potentially helpful to the trial judge in determining what sentence to impose, in deciding whether or not to grant probation, or in making a recommendation as to appropriate correctional treatment.[17] Of all who have contact with the administration of criminal law, it is our judges who are most cognizant of the legal effect of an acquittal of a felony charge. We cannot assume that a sentencing judge would be prej-

13. 426 P.2d 995, 999–1000 (Alaska 1967).

14. 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337, 1342, reh. denied, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949) (footnote omitted).

15. United States v. Doyle, 348 F.2d 715, 721 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), was also cited by this court in its opinion in the *Thompson* case.

16. Unlike the circumstances of Townsend v. Burke, 334 U.S. 736, 740, 68 S.Ct. 1252, 92 L.Ed. 1690, 1693 (1948), upon which appellant relies here, the trial judge knew that appellant had been acquitted of the prior manslaughter charge. Further, appellant in the case at bar was represented by counsel at sentencing and prior thereto had been afforded the opportunity to become familiar with the contents of the presentence report.

17. Compare State v. Scott, 237 Or. 390, 390 P.2d 328, 332–333 (1964), which involved inclusion of defendant's previous arrest record. The court said in part:

> The sentencing court must be provided with a great variety of information in order that it can competently perform its most burdensome function. * * *

> The issue after conviction * * * is not: Was the crime committed? Rather, the issues at this time are: What is the character of the defendant? Will he be a menace to society if he is not incarcerated? On these issues the record of arrests is obviously very pertinent.

> Admittedly, there are instances in which a person is arrested although his conduct is exemplary. Sentencing courts know this; sentencing courts know the difference between an arrest and a conviction. * * * The possibility of harm from furnishing the sentencing court with a convicted defendant's arrest record we consider remote and heavily outweighed by the importance of providing and sentencing court with such information.

See State v. Caddell, 265 N.C. 563, 144 S.E.2d 621 (1965); People v. Griffin, 60 Cal.2d 182, 32 Cal.Rptr. 24, 383 P.2d 432, 436–437 (1963), rev'd on other ground, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. denied, 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965); People v. Hamilton, 60 Cal.2d 105, 32 Cal.Rptr. 4, 383 P.2d 412 (1963); Jones v. State, 221 Md. 141, 156 A.2d 421 (1959); State v. Wise, 32 Or. 280, 50 P. 800 (1897).

udiced by a reference in a presentence report to the fact that the defendant had been previously acquitted of a given criminal charge. We are of the opinion that our judiciary can properly evaluate such information if it happens to be included in a presentence report. Again, we reiterate our belief that the trial judge is equipped to recognize and discount any attempts at unfairness or overreaching in a presentence report.

The superior court's denial of appellant's motion for resentencing is affirmed.