Joyce *v.* The State.

## PAT. JOYCE *v.* THE STATE.

1. CRIMINAL LAW. Plaintiff in error was convicted of manslaughter and sentenced to eight years imprisonment in the penitentiary. The jury, on the trial, being unable to agree on a verdict, one of the jurors made a speech to them, saying, "that he had been on criminal juries before, and it was usual and the custom for every man to put down on paper what he was for, and then to add the years of imprisonment so put down together, and divide the sum so made by twelve, and return the result as the verdict of the jury." The jury adopted this mode, and made up their verdict accordingly.

*Held,* that the verdict was improper, and should have been set aside.

2. SAME. *Affidavit of jurors.* These facts may be shown by the affidavit of jurors.

Cases cited: Bennett v. Baker, 1 Hum., 399; Elledge v. Todd, 1 Hum., 45; Harvey v. Jones, 3 Hum., 157; Crabtree v. State, 3 Sneed, 302.

FROM MADISON.

Appeal from the Circuit Court. G. B. BLACK, Judge.

CAMPBELL & McCORRY for complainant.

ATTORNEY GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

Plaintiff in error was convicted of manslaughter, and sentenced to eight years imprisonment in the penitentiary, at the September term, 1873, of the Circuit Court of Madison county. A new trial being refused, he has appealed in error to this court.

Upon the argument of the motion for a new trial, defendant introduced W. L. Utley, one of the jurors who tried the case, who testified in open court that "the jury were so wide apart that there was no chance to agree, and in this state Morgan, one of the jurors, made a speech to them, saying he had been on criminal juries before, and it was usual and the custom for every man to put down, on paper, what he was for, and then to add the years of imprisonment, so put down, together, and divide the sum so made by twelve, and return the result as the verdict of the jury. That this was the proper way to arrive at a

correct verdict, and by so doing, every man got the weight and benefit of his opinion; and all agreed to this, and then set down what each man was for, and divided it by twelve, and it made eight years, and returned that verdict into court."

The court then asked the juror if they all agreed to that verdict, to which he replied "they did; that they never could have agreed any other way." The juror said that it was the first case that he and several others of the jury had ever tried, and he did not know any better.

Webb, another juror, was then sworn, and testified that he "was one of the jurors who tried the case; that they tried to agree and could not, and then they all agreed that they would each put down what each man thought ought to be the verdict, add the sums together, divide the whole by twelve, and return it as their verdict, whatever it might make. We voted to see about the verdict, and we all voted as I have stated. It made eight years, and we came and returned it."

The court asked the juror if eight years imprisonment was the verdict of all the jury, and if they all agreed to it, to which he said they did.

In answer to questions by defendant's counsel, the juror further stated: "We did not take the vote after we divided the whole sum of imprisonment. We had already agreed to return that verdict. We never took any action but divide, as before stated. We agreed to do that because we did not see any other way of agreeing, and we had understood we would

have to stay together until court broke if we did not agree, and this gave every man the weight of his own opinion."

The court refused to consider the testimony of the two jurors, and refused defendant a new trial.

It may be that the jurors were not aware of the impropriety of the mode adopted to arrive at a verdict. Be this as it may, it is manifest that the facts disclosed upon the examination of the two jurors are of such a character as to vitiate the verdict in this case, and fall directly within the principles recognized and approved in the cases in 1 Hum, 399; *ibid,* 45; 3 Hum., 157; 3 Sneed, 302.

In this case the agreement was made before the addition and division of the different estimates of the jurors was made, or the product of its division by twelve known, and it was agreed that the result should be returned as the verdict of the jury.

It is equally well settled that these facts, vitiating the verdict, may be shown by the evidence of the jurors themselves. 1 Hum., 45.

For the errors indicated, the judgment must be reversed and a new trial granted.