## STANFORD WILLIAMS *v.* THE STATE.

CRIMINAL LAW. *Jury. Verdict.* Where one of the jurors proposed that each juror should cast a ballot with the number of years he was in favor of written upon it, and the numbers added together and divided by twelve, which was accordingly done, and the result was fifteen years and nine months, and thereupon said juror said it was not customary to return verdicts for fractions of years, and proposed to add on three months, which was agreed to. *Held,* that the verdict was not the deliberate judgment of each juror upon the evidence produced by argument and reflection, but was the result of chance, and a new trial should be granted. It makes no difference that three months were added, as they were added solely because of the statement of a juror that it was not customary to return verdicts for parts of years.

### FROM M'NAIRY.

Appeal in error from the Circuit Court of McNairy county. THOS. P. BATEMAN, J.

A. W. CAMPBELL and A. W, STOVALL for Williams.

ATTORNEY-GENERAL LEA and J. W. CHERRY for the State.

COOKE, J., delivered the opinion of the Court.

The defendant was convicted of murder in the second degree, and sentenced to the penitentiary for sixteen years. He has filed the record and applied for a writ of error. In support of his motion for a new trial he adduced the affidavits of two of the jurors who tried the case, which disclosed the facts:

that upon the retirement of the jury, after having received the charge of the court, in their considera-tion of the case, after they had agreed as to the grade of homicide of which the defendant was guilty, they differed widely as to the term of imprisonment the prisoner should undergo in the penitentiary. Some were for the highest and some for the lowest term, and others stood at different points between the two, when one of the jurors proposed that each juror should cast a ballot with the number of years he was in favor of written upon it, and that the numbers thus ascertained should be added together, and the whole amount to be divided by twelve, which was done accordingly, when the amount thus ascertained proved to be fifteen years and nine months. It was then suggested by one of the jurors that it was not cus-tomary to render a verdict for fractions of a year, and proposed that three months be added to the fifteen years and nine months so as to make it six-teen years, which was agreed to by a rising vote, and thus the verdict of sixteen years was arrived at and reported.

In the case of *Crabtree* v. *The State*, 3 Sneed, 301, which was a conviction for manslaughter, it was held that where it appeared that where the jurors sev-erally stated the number of years which each thought the prisoner should be imprisoned, and dividing the whole by twelve, agreed upon the number thus ascer-tained as the term of imprisonment, the verdict thus obtained should be set aside and a new trial granted. In that case it was said that "the prisoner as well

as the State is entitled to the unbiased judgment of the whole as well as every member of the jury as to the amount of punishment to be inflicted for the crime of which the defendant was convicted."

It was further said that the result was not the deliberate judgment of the jury, produced by agreement and reflection, in view of the particular facts of the case before them, but is made to depend upon chance. In *Joyce* v. *The State*, 7 Baxt., 273, which was also a conviction for manslaughter, where it appeared that the jury being unable to agree on a verdict, one of the jurors made a speech to them, saying "that he had been on criminal juries before, and it was usual, and the custom, for every man to put down on paper what he was for, and then to add the years of imprisonment so put down together, and divide the sum so made by twelve, and return the result as the verdict of the jury." The jury adopted this mode, and made up their verdict accordingly. It was held the verdict was improper, and should have been set aside.

This case falls directly within the principle decided in the cases above cited, and upon their authority the verdict in this case should have been set aside and a new trial granted. We are aware that it has been said in relation to verdicts thus obtained in civil cases, that where there was no agreement in advance that the result thus obtained should be the verdict, but the same was only adopted as an experiment to see what the result would be, and after it was so ascertained the amount was deliberated upon

and adopted by the jury, or a different amount was upon further consideration adopted, that it would not vitiate the verdict. But in the cases above cited there does not appear to have been any express agreement in advance to adopt the result thus obtained as the verdict, and it is apparent in this case as well as those we have cited that the verdict was obtained by the means thus resorted to, and was not the deliberate judgment of each member of the jury upon the evidence, and produced by argument and reflection, but was the result of chance.

It can make no difference in this case that three months were added to the term thus produced, as the record shows that this was not done upon consideration of the case, and as the result of the deliberation of the jury upon the law and evidence of the case, but was added solely because of the statement of a juror that it was not customary to return verdicts for parts of a year. We are of opinion, therefore, that there is error in the record, and the writ should be granted.

The judgment of the circuit court will be reversed and the cause remanded for another trial. An order will be made upon the keeper of the penitentiary requiring him to surrender the defendant to the sheriff of McNairy county, to be by him safety kept to await his trial according to law.