HURST *v*. STATE.*

(*Knoxville,* September Term, 1946.)

Opinion filed November 30, 1946.

---

*See Cox v. State, 184 Tenn. 203, infra.

DODSON & DODSON, of Kingsport, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The defendant was indicted in the Criminal Court of Sullivan County for possessing thirty-two pints and thir-

teen quarts of intoxicating liquors. When the case came on for trial there was a conviction, his punishment being fixed by the jury at a fine of $500. The trial judge added sixty days in the county workhouse.

A motion for a new trial was seasonably made upon the grounds (1) that the evidence preponderates against the verdict, and (2) that the verdict is contrary to the law · and the evidence. The assignments of error in this Court are to the same effect and that ''the verdict is in violation of the Constitution in that it is excessive and constitutes cruel and unusual punishment.''

The Assistant Attorney General has clearly stated the State's case, based on the evidence, as follows:

''Some officers of Sullivan County found the plaintiff in error and two other men in an old bus, enjoying the company of something less than a quart of whiskey. In an old trailer about forty feet distant from this point they found several quarts of whiskey and a few more pints. Plaintiff in error admitted the ownership of the less than a quart, but vigorously denied all connection with the remainder of the whiskey found in the trailer.''

We find no evidence in the record that the defendant had any connection with the old trailer in which the thirty-two pints and thirteen quarts of whiskey were found. He denied ownership of the whiskey and the trailer. He testified he did not know who owned the trailer and had no knowledge that there was any whiskey in it. There is no evidence that he had any connection with it. When asked where he got the whiskey that he and his two companions were drinking when arrested, he said he brought it up from the field nearby where he was at work. The quantity of whiskey he actually possessed at the time amounted to less than a quart.

The officers arrested the defendant and carried him before a justice of the peace to answer a charge of possessing thirty-two pints and thirteen quarts of intoxicating liquor. The judgment of the justice of the peace was "that the defendant be bound to the next term of Circuit Court at Blountville; that bond be fixed at.$500.00." The defendant was later indicted at the May term of court, 1946, and tried at the same term, with the result as herein stated.

It is contended by defendant's counsel that he "tried to submit before the magistrate for the possession of less than a quart of whiskey he had in his possession, and that the magistrate, not seeing fit to accept the plaintiff in error's plea of guilty, forwarded the warrant to the Circuit Court where he was indicted for possessing whiskey in the quantity of thirty-two pints and thirteen quarts."

If this contention had been seasonably and properly made, the defendant was subject to the small offense law, as provided by Chapter 56, Acts of 1937, which is an amendment to Code sections 11220 and 11221. Code section 11220, as thus amended, provides:

"Violation is a misdemeanor; fine and imprisonment. —Any person violating any of the provisions of this article, when not otherwise specifically provided, shall, upon conviction, be fined not less than one hundred dollars nor more than five hundred dollars, and in the discretion of the court may be imprisoned in the county jail or workhouse for a period of time not exceeding six months. Provided, however, that if the amount of intoxicating liquor transported, received or possessed does not exceed one quart, the minimum fine for such transportation, reception or possession in such cases shall be 'TEN DOLLARS ($10.00),' and in addition, in such cases Justices

of the Peace and/or Courts of General Sessions shall have jurisdiction under the small offense law to hear and determine such cases on a plea of guilty and the procedure shall be as now provided by law in other cases of submission before the Justices of the Peace and/or Courts of General Sessions under the small offense law."

It will thus be seen that justices of the peace are given jurisdiction to dispose of such cases under the small offense law where the amount of intoxicating liquors does not exceed one quart. The right of the defendant, however, to relief, where he offers to enter a plea of guilty and the justice of the peace refuses to accept such plea is by *certiorari* to the Circuit Court, as provided in Code sections 11510 and 11511, as follows:

"The proceedings under the provisions of this chapter may be superseded and removed, by *certiorari,* to the circuit court of the county, upon good cause shown by petition of any person aggrieved, verified by affidavit, upon the order of any circuit or criminal judge to whom the petition is presented."

"The defendant obtaining writs of *certiorari* and *supersedeas* may be discharged from custody upon giving bond and security for his appearance before the circuit or criminal court, as in other misdemeanor cases."

The small offense law, as applicable to the offense of possessing intoxicating liquors, does not make it mandatory upon justices of the peace to accept a defendant's plea of guilty. The law makes it his duty upon a plea of guilty to "hear the evidence, and fine the offender, according to the aggravation of his offense," etc. Code section 11494.

Under Code section 11500 it is provided, "If the offense merit a fine exceeding fifty dollars, or imprisonment,"

it is made his duty to "bind the party to appear at the next circuit or criminal court."

In *Fulkner* v. *State,* 50 Tenn. 33, the appellant upon arraignment pleaded a conviction under the small offense law. The offense involved an assault upon or violence to the person of another. In discussing the rights of the accused and the duty of the justice, it is said (50 Tenn. at page 35):

"He may or may not plead guilty. If he pleads guilty, the advantage he obtains under the law is not a light and trifling fine, but he is not to be bound over to court unless he thinks the offense merits imprisonment, or a larger fine than fifty dollars."

The question of the duty of the justice to bind the defendant to the grand jury when he pleads guilty is in a measure discretionary, his duty in that regard depending upon the evidence. Where a defendant pleads guilty to possessing a quart or less of whiskey, the justice might reasonably conclude from the evidence that he was guilty of a more aggravated offense, to-wit, that of possessing more than a quart of intoxicating liquor, or if less than a quart he had it for an unlawful purpose. In these circumstances we think the statute makes it his duty to bind defendant to the Circuit or Criminal Court to wait the action of the grand jury.

In the instant case the defendant cannot claim the right to have his punishment fixed under the small offense law. When brought to trial on the indictment, he made no mention of having offered to plead guilty before the magistrate under the small offense law and, since he was not before the court by petition for *certiorari* as provided in Code section 11510, he was not in a position to have the indictment quashed on that ground and have the trial judge fix a fine such as the justice of the peace

should have in the first instance and who erroneously failed to do so.

Upon due consideration of the record, however, and in view of the fact that the defendant was in possession of less than a quart of whiskey, we think the verdict of the jury and judgment of the court was excessive. The Code sections 11220 and 11221, above referred to, clearly indicate a legislative policy to be followed in disposing of cases similar to the one now before us—that is, where a person is found in possession of less than a quart of whiskey, and nothing appearing to indicate a more aggravated offense, the offender should be punished as under the small offense law.

While defendant cannot claim the benefit of the small offense law, for the reasons herein stated, and the Court being without any authority to reduce the fine, we recommend that the Governor of the State pardon him of $450 of the $500 fine imposed by the jury. An order will be entered in this Court remitting the work-house sentence. In all other respects the judgment of the trial court will be affirmed.