THOMPSON *v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

BANDY & BANDY, of Kingsport, for appellant.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Thompson was indicted, tried and convicted for possessing intoxicating liquors, with punishment fixed at a fine of $500 and a jail sentence of six months.

In September, 1950, a number of Sullivan County officers, armed with a search warrant, searched a building, and found in one of the apartments of this building a quantity of whiskey. When the officers first arrived the son of the plaintiff in error was in a storeroom which is entered by way of Door No. 1. A part of a pint of whiskey was found behind Door No. 2, which is the entrance to a stairway leading to the upper portion of the building. Soon after the officers arrived the plaintiff in error arrived and denied knowing anything about the liquor. He did tell the officers that he had the place rented. In a room on the second story of the building, over Door No. 3, there was found 115 pints and 60 one-half pints of whiskey. The record is silent as to whether this room contained any furnishings.

On an occasion prior to the search made by the officers herein they had had a replevy warrant for some furniture located in the second story in a room or rooms above Door No. 1. The officer served the warrant on the plaintiff in error who told him to go ahead and take the furniture, and that he was holding the furniture for some rent the woman owed him. On this occasion there was a man in the apartment over Door No. 3. This man had previously told the officer that he was working for the plaintiff in error.

On the occasion of the raid herein the officers found 19 cases of beer in the small one story building attached to the two story building. Sometime after the preliminary hearing before the general sessions judge, the attorney for the plaintiff in error, in the presence of the plaintiff in error, requested the sessions judge to return the beer.

The plaintiff in error did not testify.

■ The first three assignments of error in effect charge that the evidence preponderates against the verdict of the jury and that the verdict was contrary to the law and the evidence. It is insisted by way of argument that there is no evidence to connect the plaintiff in error with the ownership or control of the whiskey, and that the whiskey was found in a separate building from the one where he was a tenant. There is no proof that, at the time of the search, any portion of the building was occupied by any person other than the plaintiff in error. He stated to the officers that he had the place rented. The jury was clearly entitled to infer that he had the whole building rented and that prior to the time of the search he had had a portion in the upper story of the building, where the bulk of the whiskey was found, rented to some woman and that he had held her furniture for this rent. This fact was established by his statement

to the officer who served the replevy warrant for the furniture. Further evidence of his occupancy of the whole building may be found in the request by his attorney for the return of the beer found in the small one story building adjoining. When we examine the photograph which is in the record designating these various apartments 1, 2, 3 etc., it is seen that the small one story portion is located at the opposite end of the building from that claimed to be occupied by the plaintiff in error. We have carefully examined this record and are satisfied that the evidence does not preponderate against the verdict.

It is the contention of the plaintiff in error that the court erred in instructing the jury that the State introduced some proof which they insist is in the nature of an admission or a confession of guilt on the part of the plaintiff in error. The proof referred to, that he had the place rented, of course was not a confession of guilt but was an admission of a fact which, coupled with other facts, might very well lead to the reasonable conclusion that the plaintiff in error was guilty. We have carefully read this charge and think that the trial judge correctly instructed the jury as to the weakness of casual conversations or extra judicial confessions in accordance with the statement of the law as contained in *Whiteside* v. *State,* 44 Tenn. 175.

There is a very strong inference which warranted the jury in concluding that the plaintiff in error exercised control and dominion over the entire building.

The last assignment of error challenges the verdict of the jury as being excessive and constituting cruel and unusual punishment.

The plaintiff in error also contends, with much force, that the punishment fixed by the trial jury is

excessive in view of the amount of whiskey found. The punishment in the present case was assessed by the jury pursuant to the statute and now recurs the question as to the power of this Court to revise such punishment. It has been settled by repeated decisions that since the fine assessed by the jury was in excess of $50, this Court is without power to reduce the same. *Hurst* v. *State,* 184 Tenn. 196, 197 S. W. (2d) 809. When we come to the question of imprisonment, it seems to us that the rule applies with equal force. The jurisdiction of this Court is appellate. It possesses the power to revise the action of the trial judge in inflicting imprisonment where that power is lodged by law with the trial court, under its general supervisory powers. In the present case the trial judge did not fix the imprisonment but it was fixed by the trial jury pursuant to statute. Chapter 82, Public Acts 1947. We can find nothing in this statute that confers upon this Court jurisdiction to revise the action of the jury in assessing imprisonment. The plaintiff in error by electing to accept the advantages of this statute assumed the risk that the jury would not treat him leniently and he should be held to the burdens as well as the benefits of the statute.

The punishment meted out by the jury under a proper charge by the court is within the statutory punishment fixed for such offenses. We think that a correct and fair rule to adopt under such a situation is that when one is charged with a misdemeanor and avails himself of the statutory privilege of having his punishment in the case of conviction fixed entirely by the trial jury that when he makes such an election this Court is deprived of the right to revise or reduce his punishment. The plaintiff in error should not have any more rights of asking the appellate court to reduce his sentence under

such a situation than he would have where the jury fixed the fine at more than $50—under such a situation we would have no right to reduce this fine. The only difference between the two situations is that in the one case the constitution granted this power to the jury and in the other, that the legislature did so.

It results that the judgment below must be affirmed.

All concur.