## Thompson *v.* State.

*(Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

BURKETT C. McINTURFF, of Kingsport, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The plaintiff in error was convicted of promoting gaming and his punishment fixed at a fine of $575 and a jail sentence of nine months.

It is assigned as error that there is no evidence to support the verdict and that the evidence preponderates in favor of the innocence of the plaintiff in error. The plaintiff in error did not take the stand and offered no evidence. The case made by the State is as follows: The officers went to the store described in the warrant for the

purpose of executing a search warrant for intoxicating liquors. When they arrived, one Maness, was standing on the outside of the building. This person ran inside and to a back room and sounded a warning that the law was coming. Plaintiff in error was standing near the cash register in the front room of the building. One of the officers followed closely behind Maness as he went into the back room, and the other officer came in later. The first officer saw a number of people seated at a table playing cards; there was money on the table but this was raked in by one of the participants just as this first officer appeared, and this man made his escape. The table upon which the men were playing was covered with a pad and it had suspended over it an electric light bulb which was about twelve inches above the surface of the table. The windows and door of this room and the wall on the outside of the building were covered with tar-paper. The officers took possession of the pad and the light, and as one of them carried this out, the plaintiff in error asked him what he was going to do with it. They arrested the plaintiff in error and before he was taken away he took the money out of the cash drawer and moved from the outside some produce and small stuff he had displayed in the front of the building to the inside of the building, and then locked up the building. One of the officers testified that he had seen plaintiff in error at the store every day for three weeks. Another said that he had frequently seen him lock up the store at night.

It is urged by the plaintiff in error that since the evidence shows that he was in the front of the building eating watermelon when the officers came in and was not at any time in the back room where the card game was evidently being played, and that since there is no direct evidence

that he knew that gambling was going on in the back room, that the State has failed to make out a case against him.

We think it obvious that the jury was warranted in finding from the above recited evidence, that he was the proprietor of the place and was guilty of aiding and abetting the gaming which evidently had been going on. This assignment is overruled.

The second assignment goes to the validity of the search warrant with reference to its description, which was as follows:

"Being a one-story frame store building known as the Quillen and Owens store on U. S. Highway 11-W, in old Kingsport located in the 12th Civil District, Sullivan County, Tennessee."

The criticism of this description is that the exterior appearance of the building to be searched is not described with sufficient detail, and that its street number is not given. As to this latter insistence, there is no proof that the store had a number on it.

The rule is that a description is sufficient if it enables the officer to locate with reasonable certainty the place to be searched. *O'Brien* v. *State,* 158 Tenn. 400, 14 S. W. (2d) 51; *Webb* v. *State,* 173 Tenn. 518, 121 S. W. (2d) 550.

There is no ambiguity about this description because there is no proof that there is any other building in this area answering the description as Quillen and Owens store in the location stated in the warrant.

In this connection, see the case of *Robinette* v. *State,* Loudon Criminal, this day decided. This assignment is, therefore, overruled.

The last assignment insists that the verdict was a quotient of gambling verdict in that one of the jurors tes-

tified on motion for a new trial that, after they had all agreed that the plaintiff was undoubtedly guilty but were unable to agree on the amount of the fine and punishment, he took a calendar and wrote on it the amount that each one had suggested as a fine, totaled the figures, and divided the sum by twelve, giving a result of $575. The same procedure was followed with reference to the amount of time, and the result obtained was nine months and two days. After these figures had been made and the results shown, the jurors then agreed upon the punishment that was ultimately imposed. He said, however, that the matter was discussed some fifteen or twenty minutes after the figures had been made and that the verdict was the independent judgment of each member of the jury. There is no evidence that the jury agreed beforehand to be bound by the result of the calculations.

██ This was not a quotient verdict under our Tennessee cases. The rule is that in order to vitiate the verdict there must be an agreement, express or implied, before the calculation is made that the jurors would be bound by that result. *Gildewe* v. *State*, 83 Tenn. 133; *Crabtree* v. *State*, 35 Tenn. 302; *Joyce* v. *State*, 66 Tenn. 273; *Williams* v. *State*, 83 Tenn. 129. It is apparent, therefore, that this verdict was not a quotient verdict, and the assignment is overruled.

██ It is further suggested in the brief that the punishment is out of all proportion to the crime, and that the case should be reversed and remanded. Since plaintiff in error requested that the jury fix punishment, Code Sec. 11760.1 we have no authority to reduce it. *Thompson* v. *State*, 192 Tenn. 298, 241 S. W. (2d) 404.

The judgment of the Trial Court is affirmed with costs.

PREWITT, Justice, dissents.