**Leslie Leroy PATTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 15, 1977.

Certiorari Denied by Supreme Court March 20, 1978.

to hear evidence to the effect that the Davidson County Criminal jury, finding him guilty of rape and assessing punishment at 72 years in the penitentiary, arrived at the verdict by agreeing in advance to fix the punishment by dividing the total of all the jurors' suggested sentences by the number of jurors. Such a quotient verdict is not lawful in Tennessee. See *Thompson v. State*, 197 Tenn. 112, 270 S.W.2d 379 (1954). Compelling us to overrule this assignment is the insurmountable difficulty confronting the appellant in the fact that the record before us contains no reference to the fact alleged, or that the matter was even brought to the attention of the trial judge. We cannot consider this type of alleged error if it is raised for the first time on appeal. *Crumpler v. Henderson*, 1 Tenn.Cr. App. 47, 428 S.W.2d 800 (1968).

The conviction was based not only on the testimony of the victim, but on the defendant's confessions and incriminating evidence found in his automobile when arrested. Not surprisingly, there is no contention made here that the defendant was not guilty. The other assignments object to the admission of evidence, primarily the confession and a stocking cap observed by the officer in plain view when the defendant was seized, as aforesaid, in his car, and a pistol found under the front seat at that time by the arresting officer.

The defendant, during an out of jury hearing, did not contend that he was mistreated or that he did not freely waive his rights against self-incrimination in giving the confession. Instead he contends, relying on the rationale in *Vandegriff v. State*, 219 Tenn. 302, 409 S.W.2d 370 (1966), that due to alcohol and drug ingestion prior to his arrest he was not capable of giving an informed waiver. The trial judge held to the contrary and the record supports his holding.

Lastly, the defendant questions the qualifications of a witness who testified that a fingerprint found on the victim's automobile, in which the rape occurred,

Burt Raymond Francis, Jr., Asst. Public Defender, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Sterling P. Gray, Jr., Harold B. McDonough, Jr., Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

GALBREATH, Judge.

Among his assignments of error the appellant avers that the trial judge refused

matched one of his. The witness had been working in the fingerprint section of the Metropolitan Police Department for three years and had undergone special training in order to become an expert in fingerprint identification. Whether he was qualified or not was a matter that addressed itself to the good judgment of the trial court. We cannot disturb the exercise of that discretion in the absence of manifest abuse. There was none.

The judgment of the trial court is affirmed.

RUSSELL, Panel P. J., and DAUGHTREY, J., concur.

## OPINION ON MOTION TO RECONSIDER

By motion, the appellant requests that this cause be remanded to the trial court for the purpose of inserting into the record evidence in support of his contention that the jury was, by an agreement, to abide by a quotient verdict.

Whether such proof, in the form of affidavits, was presented to the trial judge in support of the motion for new trial is not suggested in the motion, but no good cause appears that would justify permitting a late filing under the applicable provisions of T.C.A. § 27–111.

Nothing is averred in support of an alternative motion for us to reconsider our disposition of the appeal and the motion is overruled.

GALBREATH, RUSSELL, and DAUGHTREY, JJ.