**Will Key JEFFERSON, Appellant,**

v.

**CITY OF ANCHORAGE, a Municipal Corporation, Appellee.**

No. 195.

Supreme Court of Alaska.

Aug. 28, 1962.

Will Key Jefferson, appellant, in pro per.

Richard O. Gantz, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The appellant Jefferson, who has appeared in *propria persona* in all stages of this case, was convicted and fined $18 in the magistrate court for failing to yield the right of way to an approaching vehicle, in violation of a traffic ordinance of the City of Anchorage. He was a witness for himself at the trial and, on cross examination, refused to answer a question asked of him by the prosecutor. Though warned by the magistrate that the question had to be answered, the appellant persisted in his refusal. For this he was held to be in contempt of court and sentenced to serve five days in jail. He promptly appealed to the superior court from the magistrate's order holding him in contempt, and obtained a stay of execution of both the fine and the jail sentence.

The superior court, after reviewing the record and listening to an electronic recording of the proceedings below, ruled that a trial de novo was not required since the record before it was complete and sufficient. The superior court then affirmed the judgment and sentence of the trial court and ordered that the defendant pay the fine of $18 and serve the five days in jail.

The appellant has asked us to review the action of the two lower courts in this case and has designated two main points on which he relies for this appeal which we shall now consider in the order in which he discusses them in his brief.

The first point raised by the appellant is that his conviction of the traffic violation was based solely upon the hearsay testimony of a single witness, namely, the city police officer who investigated the alleged violation but had no direct knowledge thereof. It is undisputed that the testimony in question was hearsay but the appellee, City of Anchorage, claims that the evidence was admissible because the appellant failed to object to its admission at the trial.

Hearsay evidence, subject to certain exceptions which we need not consider

here, is incompetent and inadmissible.[1] However, if hearsay evidence is admitted without objection, it may be considered as fully as though it were admissible.[2] In his reply brief the appellant insists that he did object to the admission of the hearsay evidence "but concedes that in the heat of his argument with Biss [counsel for the city] * * * he may not have sufficiently presented his objection directly to the attention of the Court." We have examined the record before us and fail to find therein any objection to the hearsay testimony and therefore hold that it was properly admitted.

Next, with respect to the contempt proceedings the appellant complains that there existed in the trial court no jurisdiction to enter judgment of imprisonment against him for the alleged contempt. He predicates this contention on the proposition that the trial court failed to make the order required by section 57–6–3 ACLA1949 to support a sentence of imprisonment for contempt. The section referred to reads as follows:

"When a contempt is committed in the immediate view and presence of the court or officer, it may be punished summarily for which an order must be made *reciting the facts as occurring in such immediate view and presence,* determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed." [Emphasis added.]

There are twelve kinds of contempt defined in section 57–6–1 ACLA1949, of which only three concern us here and they are set forth in the statute as follows:

"First. Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"Second. A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding. * * *

"Tenth. Disobedience of a subpoena duly served or refusing to be sworn or answer as a witness."

Section 57–6–2 ACLA1949 provides among other things that, if the contempt is one of those mentioned in the first or second subdivision of section 57–6–1, the maximum punishment which can be applied is a $300 fine or six months imprisonment, or both. But, if the contempt is a violation of any of the other subdivisions of section 57–6–1 and it does not appear that the right or remedy of a party to the action or proceeding was defeated or prejudiced by such contempt, the maximum punishment is a fine of $100.

■ With the foregoing provisions of our statutes in mind, we proceed to examine the order challenged by the appellant. The body of the order [3] reads:

"On 6th July 1961, the defendant was tried before me for a traffic violation in the above numbered case. On cross examination the defendant was asked whether he was also known as T. J. Brandon. The defendant refused to answer on the grounds that the answer would degrade him. He stated he 'had been convicted of a felony' and would refuse to state anything further along this line. The prosecutor stated that he wished to establish the time identity

1. One writer on the subject of evidence states: "The general rule which bars the admission of evidence falling within the definition of hearsay is so firmly established and so well known that the citation of authorities affirming the general principle seems hardly warranted." 2 Jones, Law of Evidence § 268, at 516 (5th ed. 1958).

2. Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 56 L.Ed. 500, 503 (1912); Egli v. Hutton, 135 Or. 175, 294 P. 347 (1930); Annot., 79 A.L.R.2d 890 (1961).

3. It is noted that the day of the month is not stated in the date of the order and that the order is unsigned. However, those facts have not been made an issue in this case and so we disregard them.

of the witness so that he could question him concerning a number of felonies committed. * * * Thereupon, I advised the witness that if he did not answer I would punish him for contempt, I asked the prosecutor to ask the question again. He did so, and the defendant again refused. Thereupon, I sentenced the defendant to Five (5) days in jail for contempt, for a violation of ACLA1949, section 57–6–1 (TEN). The defendant gave oral notice of appeal and I set his appeal bond at Three Hundred Dollars ($300.00).

"This written order of contempt is made in compliance with ACLA1949 section 57–6–1, and embodies my order of 6th July 1961."

■ It is quite apparent that the facts recited in the order as occurring in the immediate view and presence of the court show nothing more than a refusal on the part of the appellant to answer as a witness,[4] a violation of section 57–6–2 above quoted. For such a contempt the maximum punishment which the court had power to impose under section 57–6–2 was a fine of $100 since it is not contended that the right or remedy of a party was defeated or prejudiced. For the magistrate court to impose a jail sentence instead, and for the superior court to affirm the judgment imposing such a sentence, constituted error.

■ The record discloses that, after the judgment of the magistrate court was affirmed by the superior court, the appellant served three days of his sentence for contempt before he was able to make bond on appeal to the supreme court. Since he has thus served more than half of the illegal sentence meted out to him, it would be manifestly unjust for us to remand the case for

correction of the sentence for contempt to conform to the provisions of section 57–6–2.[5] To subject him to further punishment for the contempt charged would be to punish him twice for the same offense and that we will not condone.[6]

■■ There is one other matter in the case which calls for comment by this court. The city in its brief charges that the appellant has not only misstated the record but has argued facts in his brief without giving this court the benefit of the transcript wherein his "contemptuous conduct" toward the magistrate court is recorded. Inasmuch as the alleged contempt in this case was specifically labeled by the magistrate in the contempt order above set forth as a violation of subdivision Tenth of section 57–6–1 ACLA1949, that is, failure of the witness to answer a question, anything in the record pertaining to contemptuous conduct would have been entirely irrelevant to the issues in this case. Furthermore, under our rules the appellee is given the right to serve and file additional portions of the record, proceedings and evidence to be included in the record on appeal;[7] so the appellee could not have been hurt by any failure of the appellant to designate portions of the record which the appellee might have wanted sent up.

■ What particularly concerned us, however, was the appellee's claim that the appellant had been guilty of contemptuous conduct toward the trial court, and the appellee's added assertion: "It can only be concluded that Appellant does not want the Supreme Court of Alaska to have an opportunity to determine how openly contemptuous he had been to the trial court." There can be no doubt that the appellee had in mind the "contemptuous, or insolent behavior" mentioned in section 57–6–1 First

---

4. The order also recited that the appellant expounded "his version of the law in a loud and tumultuous manner," but the magistrate did not find him guilty of any contempt on that score.

5. Crim.R. 35(b) provides that the court may correct an illegal sentence at any time.

6. Cf. Ex parte Lange, 85 (18 Wall.) U.S. 163, 175, 21 L.Ed. 872, 878 (1874).

7. Supreme Ct.R. 9(a).

which would have justified a jail sentence. In the face of such a serious charge we took it upon ourselves to bring up and listen to the electronic tape recording made of the proceedings had before the magistrate. We were unable to detect from the electronic recording any evidence of "openly contemptuous" conduct.

The judgment and sentence to pay a fine for the traffic violation is affirmed. Likewise the judgment of conviction for the contempt is affirmed but no fine shall be imposed and any further execution upon the jail sentence imposed thereunder is permanently stayed.

So ordered.