EUNICE BARROWMAN and LYNN WARDEN,
Plaintiffs in Error,

*v.*

STATE OF TENNESSEE ex rel. LODGE EVANS,
District Attorney General.

381 S.W.2d 251.

(*Knoxville,* September Term, 1963.)
(May Session, 1964.)

Opinion filed July 15, 1964.

Thomas E. Mitchell, Johnson City, for plaintiffs in error.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiffs in error were each adjudged in contempt of Court for three separate violations of an injunction. The punishment was fixed at confinement in the County Jail for six months and a fine of $50.00 for each of these

violations. Their motion for new trial was overruled by the Trial Court and they have perfected their appeals.

On April 11, 1963, the District Attorney General of the First Judicial Circuit of Tennessee, as relator, filed a petition in the name of the State alleging that, in conformity with the Public Nuisance Statutes (T.C.A. secs. 23-301—23-312), in a proceeding against the defendants the Criminal Court of Washington County on January 15, 1962 made permanent an injunction enjoining the defendants from selling or possessing for sale intoxicating liquors at 112 West Chilhowie Avenue in Johnson City, Tennessee, or anywhere else in Washington County, Tennessee. This petition alleges violations of this injunction by each of the plaintiffs in error on January 19, 1963, January 22, 1963, January 26, 1963 and March 30, 1963, and prays that the defendants be punished for each of the alleged contempts of Court.

At the same time, the relator filed a petition against the same parties alleging that they were in possession of and maintained a house, located at 121 West Chilhowie Avenue in Johnson City, which the defendants were using and maintaining as a bootlegging establishment and which had become a public nuisance. This petition prayed that ''the defendants, their lessors, principals, agents, lessees, assigns and representatives be enjoined from holding open said premises and from entering thereupon and that the same be closed by order of the Court.''

The defendants, in their answer, denied the averments of both petitions and demanded strict proof. By agreement of the parties both petitions were heard on the same proof at the same time.

A constable of Washington County testified that on January 19, 1963 he bought whiskey from Lynn Warden at 121 West Chilhowie Avenue in Johnson City. This same witness testified that on January 22, 1963 he bought a pint of whiskey at this address, that Eunice Barrowman obtained the whiskey and Lynn Warden was paid for same. The witness further testified that on January 26, 1963 he bought whiskey from Lynn Warden at this address. He further testified that on March 30, 1963 he ordered whiskey from Eunice Barrowman and, when she brought it to him, he placed her under arrest and she broke the bottle. He then searched the premises and found 10 pints of whiskey and 22 cans of beer.

Police officers of Johnson City testified to other raids at 121 West Chilhowie Avenue in which whiskey was found at that address. The defendants offered no proof.

As stated, the Trial Judge found each defendant guilty of three separate acts of contempt and fixed the punishment of each defendant at a fine of $50.00 and six months confinement in the County Jail for each of the three contempts, the sentences of each to run consecutively. The Trial Court also sustained the petition to padlock the premises at 121 West Chilhowie Avenue.

By the first two assignments of error, it is urged that the punishment imposed by the Trial Court constituted cruel and inhuman punishment upon the defendants and is in violation of the constitutional rights of these defendants under the Eighth Amendment to the Constitution of the United States.

By Assignments of Error Three and Four, it is contended that the Public Nuisance Statutes providing for injunctions and punishment for contempt are uncon-

stitutional. It is stated they violate "Article 12, Section 8 of the Constitution of the State of Tennessee". This is evidently a misprint and either "Article 1, Section 8" or "Article 11, Section 8" is intended.

In *State ex rel. Estes v. Persica,* 130 Tenn. 48, 168 S.W. 1056, the constitutionality of the Public Nuisance Statute (now T.C.A. secs 23-301—23-312) was fully considered by this Court. At 56 and 57 of 130 Tenn. at 1058 and 1059 of 168 S.W., this Court expressly held that the provisions of the Public Nuisance Statute do not violate Article 1, Section 8, or Article 11, Section 8, of the Constitution of Tennessee. In the Persica case the constitutionality of the Public Nuisance Act was questioned upon many grounds. Its constitutionality was in all respects sustained by the Court in that case, which has never been in any respect overruled.

In *Pass v. State,* 181 Tenn. 613, 184 S.W.2d 1, it was held that the constitutional guarantee of a trial by jury does not apply to contempt proceedings. The constitutionality of the provisions of the Public Nuisance Act relating to punishment by contempt was expressly upheld.

The brief of counsel for the plaintiffs in error cites no cases in support of the contention that the Act is in any respect unconstitutional. Assignments of Error Three and Four are overruled.

By Assignment of Error Five it is contended that it was error to padlock the residence of the defendant Eunice Barrowman. T.C.A. sec. 23-301 provides:

"The conducting, maintaining, or engaging in the sale of intoxicating liquors; * * * in any building, structure,

or place, and all means, appliances, fixtures, appurtenances, materials, and supplies used for the purpose of conducting, maintaining, or carrying on such unlawful business * * * are declared to be public nuisances, and may be abated under the provisions of secs. 23-301—23-312.''

The fact that the defendants may reside in the building in which they had been conducting their illicit enterprise does not make inapplicable the Public Nuisance Statute, which expressly embraces ''any building, structure, or place''. Assignment of Error Five is overruled.

We turn now to Assignments of Error Numbers One and Two, which relate to the punishment. At the same term of this Court at which the present case was argued, we heard the appeals of one or both of the defendants from criminal convictions for the violation of liquor laws on the four occasions referred to in the petition citing defendants for contempt. The fact that petitioners may be punished criminally for their violation of the law does not impair the right of the Court to punish these defendants for contempt.

This question was settled in *Underwood v. State,* 187 Tenn. 530, 216 S.W.2d 26, in which the Court, speaking through the present Chief Justice, stated:

''When one is enjoined from committing certain illegal acts a commission of these acts subjects the offender to a criminal prosecution and a prosecution for contempt for violating the court order. This is not in effect double punishment. One is a punishment for violating a law while the other is for violating a court order. A court mandate or order would be a nullity if the violator could say I have paid a fine for a criminal

violation and am, therefore, not subject to the order of the court." 531, 532 of 187 Tenn., 26, 27 of 216 S.W.2d.

In the Underwood case, two specific violations of the injunction were alleged. The defendant was found guilty of each alleged violation of the injunction and punishment therefor was fixed.

■■ This Court, on appeal, has jurisdiction to revise and reduce punishments imposed by way of contempt. In the recent case of *Robinson v. Air Draulics Engineering Company*, 214 Tenn. 30, 377 S.W.2d 908, which was a contempt case in which the Court spoke through Mr. Justice White, it is stated:

"It was held in the case of *Hundhausen v. U. S. Marine Fire Ins. Co.*, 52 Tenn. 702 (1871), that if the punishment seems to be excessive this Court on appeal has jurisdiction to revise and reduce the sentence. To the same effect is the more recent case of *Metcalf v. Eastman*, 190 Tenn. 206, 228 S.W.2d 490 (1950), and *Thompson v. State*, 192 Tenn. 298, 241 S.W.2d 404 (1951)."

In this case, the Trial Judge imposed upon each of the defendants the maximum punishment provided by T.C.A. sec. 23-312 for each of the three violations of the injunction found by him. Under the testimony of the relator's witness, Virgil Price, Lynn Warden alone sold him the whiskey he bought on January 19, 1963, both Lynn Warden and Eunice Barrowman participated in the sale on January 22, 1963, Lynn Warden alone participated in the sale on January 26, 1963, and Eunice Barrowman alone participated on March 30, 1963, although Lynn Warden was in the house.

By virtue of the appeal perfected by the defendant, or defendants, in each of the criminal prosecutions, we are,

of course, familiar with the facts set forth in the respective records, which are a part of the records of this Court. It appears that on only two of the four occasions set forth in the petition for citation for contempt did Eunice Barrowman participate.

After carefully considering the matter of the extent of the punishment to be imposed for the violations of the injunction, we have concluded that the proper punishment for each defendant is one six months jail sentence and one fine of $50.00. The judgment of the Trial Court is, therefore, modified to that extent. The case is remanded for the enforcement of the judgment as modified. The costs are adjudged against the plaintiffs in error.