THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD NAPOLI, Appellant.

Ughetta, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD PAUL RITTER, Appellant.

No opinion. Ughetta, Acting P. J., Brennan, Benjamin and Munder, JJ., concur. Christ, J., dissents and votes to reverse the judgment and to permit the withdrawal of the plea of guilty, with the following memorandum: Before accepting defendant's plea of guilty of attempted grand larceny in the second degree, the court examined him as to the elements constituting the crime. The facts elicited, however, are equally consistent with a plea of guilty to attempted petit larceny as they are with attempted grand larceny in the second degree. This record lacks a showing that there was any attempt by defendant to steal from the person of the priest or to steal property of a value in excess of $100; each of the foregoing is a separate and necessary element of that crime. It is on this basis that I feel *People* v. *Serrano* (15 N Y 2d 304) compels reversal. The Court of Appeals there promulgated the rule that a guilty plea alone is not sufficient to establish the commission of the crime; if a defendant's statement and answers at the time of entering a guilty plea do not supply the essentials which constitute the crime to which the plea is being addressed, the plea should not be accepted. Moreover, I find *People* v. *Moran* (123 N. Y. 254) clearly distinguishable. The defendant in that case put his hand into a woman's coat pocket and found no money there. That attempt to take money from the person of another certainly qualified as an attempted grand larceny in the second degree.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL SCHMUCKLER, Appellant.

Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

ANNA SACCANI, Appellant, v. CITY OF NEW YORK, Respondent.

Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.