Joseph Arthur CARBRAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14189.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

Rehearing Denied Dec. 7, 1967.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Joseph Arthur Carbray from a conviction sustained in the district court of Tulsa County, for the crime of knowingly concealing stolen property, after former conviction of felony. Jury was waived and the case tried to the court, who found the defendant guilty as charged, and sentenced him to serve five years in the state penitentiary. Appeal has been perfected to this Court.

Defendant sets out two assignments of error:

"1. That the decision was not sustained by sufficient evidence, or was contrary to law.

"2. Excessive punishment appearing to have been given under the influence of passion and prejudice."

It was established by the State in this case that the Yale Shoe Shop in the city of Tulsa was burglarized on April 28, 1966, and some nineteen and a half pairs of "Aibel" alligator shoes were stolen.

Walter Conley, a police officer in the patrol division of the Tulsa city police department testified that on May 2, 1966, as he was making a routine patrol of his district, he saw a car illegally parked in an alley behind the Admiral Club, which was closed (and had been partially demolished at the time of the trial). He pulled into the alley to investigate, stopped his car behind one occupied by Obie Dale Rogers, who was a known police character. Immediately thereafter the defendant and Nolan Ray Craft, who the witness also recognized, came out of the drive-way of the Club, walking toward the parked car where Rogers was sitting. The officer

stated that the defendant was carrying a pillow-case, and that he threw the same down and ran. The pillow-case contained nine and a half pairs of shoes. The officer stated further, that he had knowledge of the burglary of the Yale Shoe Store. He said he could see shoes sticking out of the top of the pillow-case, and where it was torn, before the defendant threw it down. Defendant was later arrested and charged.

The defendant testified that he was in a car with Obie Dale Rogers and Nolan Ray Craft on the date mentioned, when Obie Dale Rogers drove into the alley and stopped the car. Rogers asked Craft to pick up "some stuff", which he stated was just inside the back door of the Admiral Club. Craft got out of the car, and went to the back door of the Club, and called for the defendant to come there. When the defendant reached the inside of the back door, Craft, who had a pepsi cola in one hand and a hamburger in the other, told him to "Grab that, the damn thing is split open, and carry it out there and put it in my car." The defendant stated that he grabbed the "sack", and that he did not know what was in it until he picked it up and started out to the car, and saw the heels and toes of the shoes.

■ Counsel for defendant cites no authority for his statement that the decision was not sustained by sufficient evidence, or was contrary to law. In Poulton v. State, Okl.Cr., 404 P.2d 69, this Court said:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and citation of authorities, and if that is not done, and it is apparent that defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search the books for authorities to support mere assertion that the trial court has erred."

■ And in Gaston v. State, Okl.Cr., 284 P.2d 436, the Court said:

"Where a jury is waived and accused is tried to the court, the finding of the trial court on disputed question of fact would have the same weight as the finding by a jury and judgment and sentence will be upheld where there is substantial competent evidence in the record to sustain the finding."

See also Heald v. State, 78 Okl.Cr. 130, 145 P.2d 206; Eakin v. State, 97 Okl.Cr. 190, 260 P.2d 730, and cases cited.

In support of his second contention of error, counsel states that the record would amply justify a substantial reduction in this sentence. This argument is without merit.

■ There is no question concerning the fact that this Court has the power to modify a judgment and sentence; or that the crime for which this defendant was convicted is punishable by imprisonment in the state penitentiary not to exceed five years, as provided by Title 21 Okl.St.Ann. § 1713, under which this defendant was charged. However, Title 21 Okl.St.Ann. § 52 provides for enhanced punishment upon a conviction for a second or subsequent conviction. The State here proved several prior convictions of this defendant, and the defendant himself on cross-examination admitted that he had been convicted of felony three times prior to this trial, and that there had been other convictions.

■ In Vassar v. State, Okl.Cr., 328 P. 2d 445, this Court held that a sentence of 25 years in the state penitentiary on a conviction of second degree burglary, after former conviction, was not excessive, (and see Vassar v. State of Oklahoma, certiorari denied 360 U.S. 936, 79 S.Ct. 1458, 3 L. Ed.2d 1548); and Rapp v. State, Okl.Cr., 413 P.2d 915, where this Court held that a sentence of ten years was not excessive, when defendant had been convicted of concealing and disposing of mortgaged property, after former conviction of felony. Therefore, we find no merit in defendant's contention that the judgment and sentence is excessive.

We think it only fair to state that in this case the defendant had an attorney of his own selection throughout his trial; and testified at the hearing on his application for case-made for appeal, at the expense of the county, that he had paid the attorney $400 for his services. The court thereafter appointed the present counsel to represent this defendant on his appeal.

The evidence was sufficient to sustain the conviction, and no fundamental or prejudicial error is found. The judgment and sentence of the district court of Tulsa County is affirmed.

NIX, P. J., and BUSSEY, J., concur.