**William Clark BEAR, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 813.**

Supreme Court of Alaska.

April 5, 1968.

James R. Clouse, Anchorage, for appellant.

Robert M. Opland, Dist. Atty., and Mark C. Rowland, Asst. Dist. Atty., Anchorage, for appellee.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

The question is whether this court may review a criminal sentence for abuse of discretion.

Appellant was indicted for the first degree murder of his wife and found guilty of involuntary manslaughter by a jury. The trial court sentenced him to twelve years imprisonment and recommended that he not be considered for parole until he had served a minimum of one-third of the sentence. Appellant's motion for reduction of sentence was denied.

Appellant does not question the validity of his conviction nor the fact that the sentence was within the maximum estab-

lished by law for the offense. He requests only that "This court * * * vacate the sentence imposed and remand the matter back to a different Superior Court Judge for resentencing," or modify the sentence.

In support of his request appellant urges that a statement made by the court at the time it denied the motion to reduce sentence clearly demonstrates that it disregarded the jury's finding that the killing was unintentional and viewed it instead as an intentional killing and sentenced accordingly. Appellant quotes and emphasizes the statement of the trial judge, who is reported to have said:

I considered this a very vicious case; the jury found manslaughter * * *. They found him guilty of manslaughter and certainly the evidence indicated that he had this pistol; he fired into the floor one time and during the course of punching his wife in the ribs with the pistol it went off; and I think it was a very vicious type of thing.

Appellant argues that the court clearly displayed its prejudice when it referred to what the jury had found to be an involuntary act of manslaughter as a vicious killing. According to appellant, the trial court's prejudice was caused by incompetent hearsay statements made by the prosecutor at the time of sentencing to the effect that appellant had threatened to kill two of the State's witnesses after trial.

Appellee contends that the court obviously did not consider the prosecutor's statement that appellant had threatened two witnesses. Appellant denied making the statement, according to appellee, whereupon the prosecutor offered to support his statement with affidavits. The court is then reported to have stated, when it denied the prosecutor's offer, that it had heard all that it wished to on that point. According to appellee, the above facts clearly support the inference that the court did not consider the statement, otherwise it would have accepted the prosecutor's

offer to prove the threats and would have referred to them when passing sentence.

Appellee argues that the trial court's characterization of the offense as "vicious" and its statement that it could not "give the man a license to kill his wife" were comments appropriate to the nature of the offense.

Appellee points out that most of the dictionary definitions of the adjective "vicious" such as, "violative of moral rectitude", "immorality or depravity" and "corrupt or dissolute in conduct", do appropriately describe the unintentional homicide under the particular facts of this case. The trial judge concluded his statement by saying:

> I don't think we could give a man a license to kill his wife because he has children and he has to look after the children. I don't go along with that argument.

According to appellee, this is nothing more than an explanation by the court that it could not excuse appellant's conduct merely because of his responsibility to his children, and in brief, there is no support for the argument of appellant that the judge considered the homicide other than involuntary manslaughter.

We shall defer consideration of appellant's claim that the facts related amounted to an abuse of discretion and examine first the question of whether this court has jurisdiction to review a legal criminal sentence.

The majority of federal jurisdictions follow the rule that an appellate court has no authority to act on a sentence which is within the limits allowed by a statute, because such a sentence is not cruel and unusual punishment and any relief therefrom must be obtained by act of Congress.[1] The same rule appears to be followed in a majority of the state jurisdictions on the ground that it would be improper to interfere, or to seem to interfere, with the executive branch's power to pardon and commute sentences.[2]

According to Professor B. J. George, the rule of the state courts is a carry-over from the common law where, in feudal times, the chief variations in punishments lay more in the methods by which an offender was to be executed than in any other respect; the role of the judiciary being to determine the question of guilt and to enter judgment. When this had been done the penalties of the law were exacted as a matter of course, unless royal pardon was forthcoming. Professor George suggests that immunity of criminal sentences from review is also explainable by the fact that under the common law system, appeals are based on questions of law exclusively whereas under the civil law, appeals may be based on questions of law or fact.[3]

States which review sentences in criminal cases, such as Arizona, California, New York, Nebraska, Iowa and Hawaii, generally do so under statutory authority.[4]

1. Smith v. United States, 273 F.2d 462, 467–68 (10th Cir. 1959); Bryson v. United States, 265 F.2d 9, 14 (9th Cir. 1959).

2. Raullerson v. People, 157 Colo. 462, 404 P.2d 149, 158 (1965); State v. Bass, 242 S.C. 193, 130 S.E.2d 481, 483–484 (1963).

3. B. J. George, An Unsolved Problem: Comparative Sentencing Techniques, 45 A.B.A.J. 250, 252 (1959). Professor George notes that since 1907 in England a convicted person may, by leave of the Court of Criminal Appeal, appeal his sentence unless it is one fixed by law. On appeal the sentence may be revised upward or downward.

4. See State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286, 289 (1965) where the court said:

> This Court has been given the power to modify the sentence imposed by the lower court * * *. A.R.S. § 13–1717 (1956) provides in pertinent part: "B. Upon an appeal * * * from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted."

A few states have inferred the power to review and reduce sentences from statutes which permit appellate courts to "reverse or modify the judgment" appealed from,[5] but none have found in this language the power to increase a sentence.

In United States v. Rosenberg [6] the United States Court of Appeals for the Second Circuit commented as follows:

> Some * * * state courts find * * * authority in statutes conferring power to "reverse, modify or affirm" judgments on appeal. An identical power—to "affirm, modify * * * or reverse"—is given to federal courts of appeal and to the Supreme Court by 28 U.S.C.A. § 2106. * * * No decision by the Supreme Court or any federal court of appeals seems to have cited or considered this statute in passing on the question of the power to reduce a sentence when a conviction is affirmed.

█ This court is of the opinion that it does not have jurisdiction to review and remand or to review and revise a criminal sentence for abuse of discretion.

There is no provision of the constitution or of the statutes of Alaska spec-ifically giving this court the power to "reverse, affirm or modify the judgment". Article IV, section 2 of the Alaska Constitution states that, "The supreme court shall be the highest court of the State, with final appellate jurisdiction." AS 22.05.010 states in part that:

> The supreme court has final appellate jurisdiction in all actions and proceedings. The supreme court may issue injunctions * * * and all other writs necessary or proper to the complete exercise of its jurisdiction.

and AS 22.05.020 states in part:

> The supreme court is vested with all power and authority necessary to carry into complete execution all its judgments, decrees and determinations in all matters within its jurisdiction, according to the constitution, the laws of the state, and the common law.[7]

Under the above powers this court has regularly reversed and remanded judgments. On occasion it has modified civil judgments, but with a single known exception it has not modified a criminal judgment.[8]

5. Blake v. State, 186 Ark. 77, 52 S.W.2d 644, 646 (1932); State v. Ramirez, 34 Idaho 623, 203 P. 279, 282, 29 A.L.R. 297 (1921); Hooper v. State, 7 Okl. Crim. 43, 121 P. 1087, 1088 (1912); Commonwealth v. Garramone, 307 Pa. 507, 161 A. 733, 735, 89 A.L.R. 291 (1932); In Thompson v. State, 192 Tenn. 298, 241 S.W.2d 404, 405 (1951), it was held that the appellate court's general power to supervise the trial courts permitted it to revise a sentence of imprisonment fixed by a judge but not by a jury.

Recent cases from Arkansas indicate that this state now holds that the court on appeal has no authority to reduce a sentence that is within statutory limits. Osborne v. State, 237 Ark. 5, 371 S.W.2d 518, 520 (1963); Miller v. State, 230 Ark. 352, 322 S.W.2d 685, 687 (1959).

Tennessee still maintains the distinction between sentences imposed by a judge and sentences imposed by a jury. Barrowman v. State, 214 Tenn. 408, 381 S.W.2d 251, 254 (1964); Robinson v. Air Draulics Engineering Co., 214 Tenn. 30, 377 S.W.2d 908, 913 (1964).

6. 195 F.2d 583, 605 (2d Cir. 1952) (footnotes omitted).

7. It is true that Supreme Ct.R. 51(b) states:

   The supreme court may affirm, modify, vacate, set aside or reverse any judgment, decree, decision or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be had as may be just under the circumstances.
   This rule, of course, cannot add to the court's jurisdiction.

8. In State v. Pete, 420 P.2d 338, 342 (Alaska 1966) (footnote omitted), appellee was convicted on two counts, each charging the unlawful sale of intoxicating liquor. Both counts were based on

Our decision is influenced to some extent by the history of the doctrine of immunity of review of criminal sentences and by the absence of specific constitutional or statutory authority in this area.

It is true that this court has exercised appellate authority to review the many aspects of criminal matters mentioned in our colleague's dissenting opinion. For the most part such review is confined to questions of law or mixed questions of law and fact and is therefore within the traditionally recognized sphere of appellate court jurisdiction. The review of an otherwise legal criminal sentence, which is within the maximum established by the legislature, is not a question of law and is not within the traditional sphere of appellate court jurisdiction.

As is pointed out in the dissent, approximately fifteen states now undertake to review criminal sentences. In thirteen of these states the authority to review criminal sentences stems from specific statutory provisions.

■ The legislature of Alaska has established by statute the maximum and minimum sentences for each offense. The determination of the exact period of time that a convicted defendant should serve is basically a sociological problem to be resolved by a careful weighing of the principle of reformation and the need for protecting the public.[9] The trial judge, by reason of his personal observation of the defendant and the complete personal history report prepared for him by the probation officer, is expected to be prepared to impose sentence.

The trial judge's sentence is subject, however, to the following overriding statutory provisions:

(1) that the State Board of Parole may, if its investigation and the defendant's rehabilitation prognosis appears to warrant, release the defendant on parole after only a portion of the sentence has been served;[10]

(2) that by statute the defendant is entitled to three to fifteen days per month reduction of sentence for good behavior and prison camp activity,[11] and

(3) that the defendant may be granted a commutation of sentence or a pardon by the governor.[12]

The chairman of the State Board of Parole is required by statute to be an official in the Department of Health and Welfare with training in the field of probation and parole.[13] This Board, through its continued reports on the prisoner's conduct, psychological outlook and rehabilitation prognosis, is intended to be suited to exercise the authority imposed in it by the legislature to adjust downward the prisoner's sentence within the limits allowed by statute.

The foregoing serves to illustrate that the legislature of Alaska has assumed and now exercises a substantial control over the length of criminal sentences. It may perhaps be advisable that this control be extended so as to place the responsibility for establishing the initial sentence, as

---

sales made to the same informer on the same day. This court stated:

> In light of the fact that the two offenses were really part of one general transaction, * * * we believe the judgment of conviction should be modified so as to limit appellee's sentences to the term of imprisonment that he has now served. [Appellee had served 17½ months of two one-year sentences which were to run consecutively.]

In Pete we relied upon and cited Patmore v. State, 152 Tenn. 281, 277 S.W.

892 (1925) which modified a sentence under similar facts on the ground that punishment cannot be pyramided and that it was *unlawful to sentence cumulatively* on each count where the offenses were but parts of the same transaction.

9. See Alaska Const. art. I, § 12.

10. See generally AS 33.15.010–270.

11. AS 33.20.010–060.

12. AS 33.20.070.

13. AS 33.15.010.

well as the ultimate sentence to be served, in a board composed of persons trained in the social sciences appropriate to the responsibility. Appellate judges do not have an expertise, because of training, experience or otherwise, that qualifies them to be reviewers of criminal sentences.

It is the view of this court that review of legal criminal sentences should be provided for by statute only after a careful study of the efficacy of reviewing techniques now in force in other jurisdictions has been made, and the need for the procedure determined. Reviewing authority should perhaps include the power to modify a sentence upward as well as downward in order to achieve the full advantage of the procedure and decrease or eliminate disparity in sentences.[14]

In view of our decision herein it becomes unnecessary to consider the question of abuse of discretion.

The judgment below is affirmed.[15]

RABINOWITZ, Justice (dissenting).

I dissent from the majority's holding that the Supreme Court of Alaska lacks jurisdiction to review criminal sentences.[1] I reach this conclusion on the basis of this court's own prior precedents and upon analysis of the policy considerations inherent in the question.

The issue of appellate review of criminal sentences was first presented to this court in State v. Pete.[2] There the appellee-defendant contended that his imprisonment for two years was "unduly harsh and that the sentence should be reduced."[3] We modified the sentence which had been imposed to the term of imprisonment already served.[4] In my separate opinion in the Pete case, I voiced the view that before concluding that this court had authority to review criminal sentences, we should have clearly articulated "the basis for, and instances when, review of criminal sentences is obtainable in our court system."[5] This suggestion was passed over sub silentio.

In the past year this court was again presented with a question involving its authority to review criminal sentences. In Battese v. State[6] appellant contended that the three-year sentence he received was in excess of the two-year minimum for the crime of burglary not in a dwelling and therefore was "an abuse of discretion on the part of the sentencing court." In

14. See Comment, Appellate Review of Primary Sentencing Decisions: A Connecticut Case Study, 69 Yale L.J. 1453, 1460 (1959–60) which examines the statutory sentence review boards established as a Review Division of the Superior Court in Massachusetts and Connecticut. The sentence reviewing court is composed of three trial judges with authority to review and increase or decrease any sentence in excess of one year. The defendant is permitted to appear with counsel and be heard. The sentencing trial judge is permitted to and may be required to submit a statement of his reasons for a particular sentence.

15. To the extent that this court reviewed a criminal sentence for abuse of discretion in Battese v. State, 425 P.2d 606, 611 (Alaska 1967), that holding is overruled.

1. In the court's opinion the issue before us for decision has been characterized alternatively as whether we "may review a criminal sentence for abuse of discretion" or whether we have "jurisdiction to review a legal criminal sentence."

2. 420 P.2d 338 (Alaska 1966).

3. Id. at 342.

4. Prior to our 1966 decision in the Pete case, we had modified an illegal sentence for contempt in Jefferson v. City of Anchorage, 374 P.2d 241, 244 (Alaska 1962). See also Knudsen v. City of Anchorage, 358 P.2d 375, 384–386 (Alaska 1960), where an illegal sentence was set aside.

5. State v. Pete, 420 P.2d 338, 344 (Alaska 1966). In this separate opinion, I alluded to the fact that there was extant considerable precedent foreclosing appellate review of criminal sentences citing United States v. Pruitt, 341 F.2d 700, 703 (4th Cir. 1965), as typifying these authorities.

6. 425 P.2d 606, 611 (Alaska 1967).

ruling on the merits of this contention, we said:

> In sentencing appellant the court required him to serve only 60 days in jail. The execution of the balance of the three year sentence was suspended and appellant was placed on probation for that period. *Such an arrangement is not unduly oppressive or harsh—there was no abuse of discretion.*[7] (emphasis added)

Last year's decision in Thompson v. State[8] is also of significance. There appellant questioned in part the contents of a presentence report which had been furnished to the trial judge prior to imposition of sentence. We held that "nothing which occurred during the presentence investigation, nor any portion of the text of the presentence report which was filed" required "the setting aside of appellant's sentence."[9] In our very recent decision of Egelak v. State,[10] appellant contended that because of procedural irregularities which occurred concerning his sentence we should either remand his case to the superior court for resentencing, or alternatively reduce the sentence at the appellate level by an appropriate term of years. In determining the merits adversely to appellant, we place strong emphasis on the broad discretion which must necessarily be granted the trial judge in sentencing. In *Egelak* we concluded that, "Review of the record * * * fails to disclose that the sentencing judge in fact became prejudiced against appellant subsequent to his viewing the pictures of appellant's deceased wife." In regard to another point in the appeal in that case, we further held that, "We cannot find that the district attorney's remarks concerning an allegedly similar incident prejudiced the trial judge to the extent that he imposed an excessive sentence."

Thus, without any real discussion of our own precedents, the majority has abruptly shunted aside any considerations of stare decisis and now holds that the Supreme Court of Alaska lacks jurisdiction to review criminal sentences.[11] When experience and compelling reasons require the overruling of explicit precedent, I would agree that this court is not inhibited by the rule of stare decisis from taking such action.[12] Here I can perceive no compelling policy considerations, or history of adverse experience under our prior decisions, which call for today's refusal to review the sentence which was imposed upon appellant William Clark Bear.

Appellate review of criminal sentences has been undertaken and is generally available in approximately fifteen states.[13] In

7. Battese v. State, 425 P.2d 606, 611 (Alaska 1967).

8. 426 P.2d 995, 999 (Alaska 1967).

9. Id.

10. 438 P.2d 712. (Alaska, March 21, 1968).

11. I do not believe that this reversal can be explained in light of any of the arguments presented in the briefs in this appeal. If anything, the parties' respective arguments are extremely cursory and incomplete concerning the question of whether this court is vested with the jurisdiction to review criminal sentences.

12. In Alyeska Ski Corp. v. Holdsworth, 426 P.2d 1006, 1012 (Alaska 1967), we alluded to our continuing obligation of assuring the development of our common law. See also Hebel v. Hebel, 435 P.2d 8 (Alaska 1967); Cramer v. Cramer, 379 P.2d 95 (Alaska 1963); City of Fairbanks v. Schaible, 375 P.2d 201 (Alaska 1962).

13. G. Mueller, Penology on Appeal: Appellate Review of Legal but Excessive Sentences, 15 Vand.L.Rev. 671, 688–97 (1962). See State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386, 389 (1966); People v. Morales, 60 Cal.Rptr. 671 (Cal. App.1967); State v. Dunn, 434 P.2d 88, 94 (Idaho 1967); People v. Taylor, 33 Ill.2d 417, 211 N.E.2d 673, 677 (1965); State v. Cupples, 152 N.W.2d 277, 280 (Iowa 1967); State v. Caffey, 365 S.W. 2d 607, 610 (Mo.1963) (limited situations); State v. Ransom, 182 Neb. 243, 153 N.W.2d 916, 920 (1967); State v. Ford, 92 N.J.Super. 356, 223 A.2d 502, 505 (1966); People v. Napoli, 28 A.D. 2d 555, 280 N.Y.S.2d 288 (1967); Car-

thirteen of these states authority to review sentences is derived from statutes.[14] It is true that the weight of precedent is in favor of those courts which have concluded they lacked the authority to review criminal sentences.[15] Despite the foregoing, I believe that our court rightly held in the *Pete*[16] and *Battese*[17] cases that it did possess the authority to review criminal sentences.

Pursuant to article IV, section 2 of the Alaska constitution, this court is vested with "final appellate jurisdiction." I interpret the phrase "final appellate jurisdiction" as embodying the power to review the merits of a criminal sentence. The courts in State v. Johnson[18] and State v. Tuttle[19] construed their respective general grants of appellate authority as encompassing jurisdiction to review criminal sentences.[20] To me it is an indefensible

bray v. State, 435 P.2d 188, 190 (Okl. Crim.App.1967); State v. Shannon, 242 Or. 404, 409 P.2d 911 (1966); Commonwealth v. Howard, 426 Pa. 305, 231 A.2d 860, 865 (1967) (may be limited to capital punishment cases); and Nelson v. State, 35 Wis.2d 797, 151 N.W.2d 694, 705–706 (1967).

14. Ariz.Rev.Stat.Ann. § 13–1717 (1956); Con.Gen.Stat.Ann. §§ 51–194, 195, 196 (Supp.1965); Fla.Stat.Ann. § 932.52 (Supp.1966); Hawaii Rev.Laws § 212–14 (Supp.1965); Ill.Ann.Stat. c. 38, § 117–3(e) (Smith-Hurd 1964); Iowa Code Ann. § 793.18 (1950); Maine Pub.Laws 1965. c. 419; Md.Ann.Code art. 26, §§ 132–138 (1966); Mass.Gen.Laws Ann. c. 278, §§ 28A–28D (1959); Neb.Rev.Stat. § 29–2308 (1964); N.Y.Code Crim.Proc. §§ 543, 764; Ore.Rev.Stat. §§ 138.050, 168.090 (1963 Repl.Part); Tenn.Code Ann. § 40–2711 (1955).

15. On the other hand. note the following cases under the well established federal rule denying review authority: Marano v. United States, 374 F.2d 583, 586 (1st Cir. 1967), where the court said:

The question of sentence is normally within the exclusive determination of the district court. In the exceptional situation, where it is evident that the district court has given substantial consideration to legally impermissible factors, correction must be possible.

See also Welch v. United States, 371 F.2d 287, 294 (10th Cir.), cert. denied, 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303 (1966), the court will refrain from review "absent most unusual circumstances"; Hoard v. Dutton, 360 F.2d 673, 674 (5th Cir.), cert. denied, 385 U.S. 881, 87 S.Ct. 166, 17 L.Ed.2d 108, rehearing denied, 385 U.S. 943, 87 S.Ct. 300, 17 L.Ed.2d 223 (1966), stated, "Appellate courts do not revise sentences within the limits set by statute, except in the most exceptional circumstances"; United States v. Hetherington, 279 F.2d

792, 796 (7th Cir.), cert. denied, 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960). Legal sentences are not subject to review "except possibly for manifest abuse of discretion"; Livers v. United States, 185 F.2d 807, 809 (6th Cir. 1950), sentencing judge's discretion will not be disturbed on appeal "except upon a plain showing of gross abuse"; Tincher v. United States, 11 F.2d 18, 21 (4th Cir.), cert. denied, 271 U.S. 664, 46 S. Ct. 475, 70 L.Ed. 1139 (1926) "except in case of gross or palpable abuse."

See also Judge Frank's illuminating discussion of this question in United States v. Rosenberg, 195 F.2d 583, 604–607, (2d Cir. 1952), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 21, 97 L.Ed. 652 (Black, J. dissenting), order denying cert. withheld pending disposition of motion for rehearing, 344 U.S. 850, 73 S.Ct. 66, 97 L.Ed. 661, rehearing denied, 344 U.S. 889, 73 S.Ct. 180, 97 L.Ed. 687 (separate opinion by Frankfurter, J.), motion to vacate a stay of execution of a death sentence granted by Douglas, Jr. vacated, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953).

16. State v. Pete, 420 P.2d 338 (Alaska 1966).

17. Battese v. State, 425 P.2d 606, 611 (Alaska 1967).

18. 67 N.J.Super. 414, 170 A.2d 830, 836–840 (1961).

19. 21 Wis.2d 147, 124 N.W.2d 9, 10 (1963).

20. In State v. Tuttle, 21 Wis.2d 147, 124 N.W.2d 9, 11 (1963), the court said:

We consider that we have the power to review sentences to determine whether an abuse of discretion clearly appears, and to remand for resentencing or to modify a sentence. We withdraw all past statements indicating that the court lacks power to do so, although it will be a rare case where the power will be used.

anomaly that in the carrying out of our obligation to supervise the administration of criminal justice in our courts, we have the appellate authority to review questions pertaining to pre-arrest matters,[21] (i. e., search warrants, admissions, confessions, et cetera) complaints,[22] preliminary hearings,[23] bail,[24] grand jury proceedings,[25] indictments,[26] composition of petit juries,[27] errors occurring during the trial itself,[28] deliberations of the petit jury,[29] sentencing procedures,[30] legality of the sentence,[31] but are powerless to review the actual sentence which is imposed by the trial judge. This hiatus in our review jurisdiction is illogical and in my view cannot be defended on the traditional grounds that appellate review would interfere with exercise of executive clemency. Sentencing is a discretionary judicial function and the judiciary itself should have the power to correct abuses of such discretion.[32] The alternative course, and the one which has been adopted by the majority, is to abdicate review of judicial discretion. In my view the more reasonable and logical construction of our constitutional grant of final appellate jurisdiction is to hold that this provision authorizes appellate review of criminal sentences.

Today's ruling results in the unsatisfactory situation that this court will now review all facets of criminal proceedings to insure the integrity of the fact-finding process, to zealously protect the rights of the accused and the public in the administration of criminal justice, and to insure adherence to our constitutional mandate that penal administration "shall be based on the principle of reformation and upon the need for protecting the public," [33] but will refuse to review the merits of the sentence which the trial judge has determined. Based on this court's own prior decisions, the decisions I have referred to in this separate opinion, and the absence of any persuasive reasons for holding that an exception for review of criminal sentences should be carved out of our general appellate jurisdiction, I conclude that this court possesses jurisdiction to review criminal sentences.[34]

Of all the stages in a criminal proceeding, sentencing is one area in which there is a most compelling need for the development of appropriate criteria. Having had the privilege of serving as a trial judge in the superior court of this state, I am fully cognizant of the uncertainties and extraordinary responsibilities which

21. Martinez v. State, 423 P.2d 700 (Alaska 1967).

22. State v. Smith, 417 P.2d 252 (Alaska 1966).

23. Merrill v. State, 423 P.2d 686 (Alaska 1967).

24. Reeves v. State, 411 P.2d 212 (Alaska 1966).

25. State v. Parks, 437 P.2d 642 (Alaska, February 21, 1968).

26. Marrone v. State, 359 P.2d 969 (Alaska 1961).

27. West v. State, 409 P.2d 847 (Alaska 1966).

28. Pedersen v. State, 420 P.2d 327 (Alaska 1966).

29. Noffke v. State, 422 P.2d 102 (Alaska 1967).

30. Thompson v. State, 426 P.2d 995, 999 (Alaska 1967); Egelak v. State, 438 P.2d 712 (Alaska, March 21, 1968).

31. Jefferson v. City of Anchorage, 374 P.2d 241, 244 (Alaska 1962); Knudsen v. City of Anchorage, 358 P.2d 375, 384–86 (Alaska 1960).

32. G. Mueller, Penology on Appeal: Appellate Review of Legal but Excessive Sentences, 15 Vand.Law Rev. 671, 684 (1962). In this article the author states: With due respect, the executive pardon, not being subject to any legal restraint, has abolutely nothing to do with the problem at hand. Sentencing is a judicial problem, and as long as the judiciary is vested with a discretionary range of sentences, there must be some guard against a possible abuse of such discretion, just as there is appellate supervision over every other exercise of judicial discretion.

33. Alaska const. art. I, § 12.

34. See, Note, Statutory Structures for Sentencing Felons to Prison, 60 Col.L.Rev. 1134, 1162–67 (1960).

confront the sentencing judge in his quest to determine a just sentence. This same experience has convinced me of the need for appellate review of the sentencing judge's discretion and the formulation of appropriate sentencing standards.

Now that it has been determined that the problem is one which must be answered by our legislature, it is my hope that Alaska's Legislature will resolve the issue in favor of empowering the Supreme Court of Alaska to exercise appellate review of criminal sentences.[35]

---

35. See, American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, § 3.4, at 55 (Tent. Draft 1967), where it is stated:

> Perhaps the most controversial question involved in the decision to provide for sentence review is whether the reviewing court should be authorized to increase the penalty imposed by the sentencing court. The question can arise in two forms: whether the state should be allowed to take an appeal seeking an increase; and if not, whether the appellate court should be authorized to increase the sentence when the defendant appeals.
>
> Existing sentence review statutes in this country are unanimous to the effect that the state cannot take an appeal against sentence and thereby secure an increase. See Appendix A, in-

fra. The English agree. See Meador Report, Appendix C, pp. 141–42, infra.

\* \* \*

> Opinion is more evenly divided on the question of whether an increase should be permitted when the defendant has taken the appeal. Most of the states in this country which now afford review do not allow such an increase. See, e. g., the statutes in Arizona, Illinois, Iowa, and Nebraska, Appendix A, infra. The sentence review which follows a general court martial likewise is limited to approval or reduction of the imposed sentence. See Appendix A, infra; United States v. Christensen, 12 U.S.C.M.A. 393, 30 C.M.R. 393 (1961). Four states, on the other hand, do permit an increase if the defendant appeals. See statutes in Connecticut, Maine, Maryland and Massachusetts, Appendix A, infra.