Herbert D. JOHNSON, Sr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–3790.

Court of Appeals of Alaska.

Sept. 6, 1991.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

MANNHEIMER, Judge.

Herbert D. Johnson, Sr. was convicted, based upon his plea of no contest, of misconduct involving a controlled substance in the fourth degree, a class C felony. AS 11.71.040(a)(3)(F). Superior Court Judge Beverly W. Cutler suspended imposition of sentence for three years, conditioned on Johnson's payment of $500 court costs and

his performance of 240 hours' community work service.

Johnson now appeals his sentence, contending that it is excessive. The State of Alaska responds that Johnson has no right to appeal his sentence because he did not receive a sentence of at least 45 days' imprisonment. *See* Appellate Rule 215(a).

Appellate review of sentences has a tortuous history in Alaska. In *Bear v. State,* 439 P.2d 432, 436 (Alaska 1968), the Alaska Supreme Court held that it lacked the authority to review a criminal sentence when the defendant claimed no illegality of the sentence but only that the sentence was excessive. Following the decision in *Bear,* the legislature enacted AS 12.55.120, a law giving the supreme court the authority to hear sentence appeals. However, under the terms of the statute, the court's authority extended only to cases in which the defendant had received one year or more of imprisonment.

Seven years later, the supreme court enacted former Appellate Rule 21(a). This rule extended the right of sentence appeal to any defendant receiving a term of imprisonment of 45 days or more. The language of former Appellate Rule 21(a) has survived, with no pertinent changes, in current Appellate Rule 215(a):

> At the time of imposition of any sentence of imprisonment of 45 days or more, the [sentencing] judge shall inform the defendant ... [t]hat the sentence may be appealed on the ground that it is excessive[.]

In *Wharton v. State,* 590 P.2d 427, 429 (Alaska 1979), the supreme court interpreted this language from former Appellate. Rule 21(a) as allowing a sentence appeal to any criminal defendant who had received a "sentence of imprisonment of 45 days or more".

The scope of this court's jurisdiction to entertain sentence appeals is clouded because, in 1980, the Alaska legislature responded to the *Wharton* decision by passing chapter 12 SLA 1980. Sections 8, 15, 29, and 31 of this law enacted new versions of AS 22.10.020, AS 22.15.240, and AS 12.-55.120 that limited sentence appeals to dis-trict court cases in which the defendant had received a sentence of imprisonment of at least 90 days and to superior court cases in which the defendant had received a sentence of imprisonment of at least one year. Sections 37 and 38 of the new law expressly stated that the legislature intended to amend Appellate Rule 21(a), and the legislature passed chapter 12 SLA 1980 by the two-thirds' majority required by Article IV, Section 15 of the Alaska Constitution. *See* 1980 House Journal 540 and 1980 Senate Journal 467.

Matters are further complicated by the supreme court's adoption, three months later, of a revised version of the Appellate Rules. The rules were reorganized and renumbered; as noted above, former Appellate Rule 21(a) became current Appellate Rule 215(a). According to the revisor's commentary to proposed Rule 215, the new rule was intended to re-enact former Rule 21 in all pertinent aspects. The revisor then discussed the recent action of the legislature:

> The legislature changed the introductory provisions of this rule by sections 8, 15, 29, 31, 37, and 38 of Chapter 12, SLA 1980, to provide that certain sentences of short duration cannot be appealed as excessive. *Wharton v. State,* 590 P.2d 427 (Alaska 1979), indicates that the legislature does not have the authority to do so.

Memorandum of June 13, 1980, from Robert D. Bacon, Clerk of the Appellate Courts. The revisor's use of the word "indicates" rather than "holds" appears to have been prudent, since it is unclear whether the decision in *Wharton* was premised upon the supreme court's rule-making power granted by Article IV, Section 15, or whether *Wharton* was actually a pronouncement that the Alaska constitution vested the supreme court with exclusive power to determine the scope of its jurisdiction over sentence appeals, in spite of any contrary action taken by the Alaska legislature under Article IV, Section 1.

This court need not enter the thorny thicket lying in the path of anyone attempting to reconcile the language of Appellate Rule 215(a), the supreme court's decision in

*Wharton,* and the legislature's passage of chapter 12 SLA 1980. Even if this court were to adopt the view of the law most favorable to Johnson, this appeal must still be dismissed.

As interpreted in *Wharton,* Appellate Rule 215(a) limits sentence appeals to defendants who have received a "sentence of imprisonment of 45 days or more". Johnson has not received such a sentence.

It is conceivable that the requirement of a 45–day sentence specified in Appellate Rule 215(a) might be relaxed under Appellate Rule 521:

> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice.

But Johnson has failed to make a convincing showing that our adherence to the language of Appellate Rule 215(a) will work either surprise or injustice in his case.

Johnson argues that, because Appellate Rule 215(a) speaks only of when a defendant must be *notified* of his right of sentence appeal, the right of sentence appeal might actually extend to *any* criminal defendant, even the ones who need not be notified. We reject this interpretation for two reasons. First, Johnson's interpretation appears to be inconsistent with the way the supreme court interpreted former Rule 21(a) in *Wharton.* Second, it does not make sense that the Alaska Supreme Court, in promulgating former Rule 21(a) and current Appellate Rule 215(a), would have proceeded under the assumption that all criminal defendants had a right to file a sentence appeal but only some of them should be told about it.

Thus, under the most expansive view that this court might take of its sentence appeal jurisdiction, Johnson still fails to qualify for sentence review. This appeal is DISMISSED.

COATS, Judge, dissenting.

In *Bear v. State,* 439 P.2d 432, 439 (Alaska 1968), Justice Rabinowitz concluded that art. IV, § 2 of the Alaska Constitution, which vests the supreme court with "final appellate jurisdiction," gave the supreme court the inherent power to review sentences. The Alaska Supreme Court ultimately adopted Justice Rabinowitz's view in *Wharton v. State,* 590 P.2d 427, 429 (Alaska 1979). In reaching this conclusion, the supreme court relied in part on former Appellate Rule 21, which is now the current Appellate Rule 215. In *Wharton,* the supreme court said:

> In promulgating Rule 21, this court accepted Justice Rabinowitz's position in *Bear* that review of criminal sentences is inherent in our power as the court of "final appellate jurisdiction," Alaska Constitution, art. IV, § 2.

*Id.* (footnote omitted). The court also relied on art. 1, § 12 of the Alaska Constitution, which provides that: "Penal administration shall be based on the principle of reformation and upon the need for protecting the public." *Id.* at 429 n. 5. The *Wharton* court stated: "Sentence review insures that sentencing courts pay due regard to the goals of reformation and protection of the public." *Id.* I therefore read *Wharton* as a decision that the supreme court has the inherent power to review all sentences under the Alaska Constitution, including sentences of less than forty-five days.

Appellate Rule 215 provides in pertinent part:

> (a) Notification of Right to Appeal Sentence. At the time of imposition of any sentence of imprisonment of 45 days or more, the judge shall inform the defendant as follows:
>
> (1) That the sentence may be appealed on the ground that it is excessive.

The language of Appellate Rule 215 simply requires a judge to inform a defendant of his right to appeal his sentence on the ground that it is excessive if the judge has sentenced the defendant to a sentence of imprisonment of forty-five days or more; it does not restrict the supreme court's jurisdiction in sentence appeals to cases which involve sentences of imprisonment of forty-five days or more. I see no reason to conclude from this rule that the supreme court intended to limit sentence appeals to

sentences of imprisonment in excess of forty-five days.

If the supreme court intended only to exercise sentence appeal jurisdiction in cases which involved sentences of forty-five days or more, the court could have said that directly. In addition, the original logic of Justice Rabinowitz's position in *Bear* was that the supreme court should be able to review any decision of the trial court for an abuse of discretion, and that sentencing should not be the only area where the trial court was exempt from review. It also makes sense to me that the supreme court would require a trial judge to inform a defendant of his right to a sentence appeal only in more serious cases. The supreme court did not want to require a trial judge to inform a defendant of his right to a sentence appeal in every case. Many cases involve only fines or small terms of imprisonment which in all but a few cases would be inappropriate for appellate review. It therefore makes sense for the supreme court to require a trial judge to inform a defendant of his right to appeal his sentence only in cases that involve a sentence of forty-five days or more. However, this is different from the supreme court determining that it did not have jurisdiction of cases involving imprisonment of under forty-five days.

Whether this court has jurisdiction to decide the sentence appeal in this case is more difficult. Unlike the supreme court, the court of appeals is not a constitutional court, but was created by the legislature. Therefore, the legislature has the authority to determine the jurisdiction of this court. What jurisdiction the legislature intended to give this court in sentence appeals is a difficult issue. Alaska Statute 22.07.020(c)(2) gives this court jurisdiction to review "the final decision of the district court on a sentence imposed by it." However, there is an argument that the legislature intended to set the sentence appeal jurisdiction of this court in AS 12.55.120, which provides in part that:

(a) A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms of one year or more may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive.

.   .   .   .   .

(d) A sentence of imprisonment lawfully imposed by the district court for a term or for aggregate terms exceeding 90 days may be appealed to the superior court by the defendant on the ground that the sentence is excessive.

However, AS 12.55.120 is a grant of jurisdiction; it does not directly limit the jurisdiction which the legislature gave this court when it enacted AS 22.07.020.

I am reluctant to conclude that this court does not have jurisdiction over relatively short sentences, but that the supreme court does. I do not believe that the legislature would intend that result, and I think it is unlikely that the supreme court would reach that result on the basis of the current statutes. It seems unnecessary to hold that a defendant who wishes to appeal a sentence of forty-five days or less must appeal to the supreme court, whereas this court would continue to have jurisdiction over more severe sentences. I therefore conclude that this court, like the supreme court, has jurisdiction to hear any sentence appeal. As a practical matter, whether this court has jurisdiction or not, it seems unlikely that a defendant who has a sentence of less than forty-five days will prevail in a sentence appeal. I am unaware of this court or the supreme court finding that a sentence of forty-five days or less was excessive. However, the possibility that such a defendant could show that the sentence was clearly mistaken does exist. The majority's position might also restrict this court's jurisdiction to review sentences which involve fines, community service, probation conditions, or the form of the sentence—such as whether the defendant qualifies for a suspended imposition of sentence.

Turning to Herbert Johnson's case, it appears to me that this court has jurisdiction to hear his sentence appeal. Johnson's burden, therefore, is to show that the trial

court's sentence was clearly mistaken, not to "make a convincing showing that our adherence to the language of Appellate Rule 215(a) will work either surprise or injustice in his case." I would reach the merits of Johnson's case and apply the clearly mistaken standard. I dissent from the court's opinion, dismissing the appeal without reaching the merits.