Stewart S. SMITH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4961.

Court of Appeals of Alaska.

May 6, 1994.

Moshe Calberg Zorea, Anchorage, for appellant.

Lee Ann deGrazia, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.[*]

### OPINION

MANNHEIMER, Judge.

Stewart S. Smith pleaded no contest to seven counts of violating AS 46.03.790 and regulations promulgated under this statute by the Department of Environmental Conservation (DEC). Smith, the owner of C Street Auto Repair, directed his employee, Robert Riggs, to dispose of several barrels of waste oil. Smith told Riggs that he did not care where the oil ended up; he told Riggs to "just get rid of it". Riggs dumped the barrels at improper sites in the Anchorage area, causing contamination of the environment.

On Count 1 (discharge of a petroleum product on state land without a permit) and Count 2 (illegal treatment, transportation, storage, or disposal of hazardous waste), District Judge John R. Lohff sentenced Smith to concurrent terms of 300 days' imprisonment with 270 days suspended (30 days to serve). As a condition of his probation on these counts, Smith was ordered to make restitution for the costs of cleaning up and restoring the environment, which Judge Lohff estimated to be $18,039.25. On the remaining counts, Judge Lohff sentenced Smith to 360 days' imprisonment, all suspended, and or-

---

[*] Sitting by assignment of the Chief Justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

dered Smith to perform 200 hours of community service.

On appeal, Smith argues that his term of imprisonment is excessive. Because Smith received a sentence of less than 45 days to serve, he has no right to appeal the severity of the sentence. *Johnson v. State,* 816 P.2d 220 (Alaska App.1991). (We note that Smith may later have a right to appeal if, because of a probation violation, he is sentenced to serve more than a total of 45 days in jail.)

Smith also contends that he has been ordered to pay an excessive amount of restitution. Judge Lohff ordered Smith to pay the costs of restoring two sites, one known as the "Fuller" property and the other, a bluff located near Klatt Road. Smith asserts that he cannot be held responsible for restoring the bluff site.

Smith's argument rests on Riggs's testimony that he placed two or three barrels of waste oil next to a yellow tractor at a construction site near the intersection of Klatt and Spyglass Roads. These barrels were eventually found on a bluff a few blocks away. No one knows how the barrels made their way from one site to the other.

Judge Lohff ordered Smith to pay the cost of cleaning up the bluff where the barrels were ultimately found. Smith argues that he might have been held responsible for cleaning up the site where Riggs placed the barrels, but he cannot be held responsible for cleaning up the bluff where the barrels were found, since Riggs did not put the barrels there. We disagree. Riggs placed these barrels at a construction site not far away from the bluff, next to a piece of heavy equipment. Assuming, for the sake of argument, that the construction workers, or the land owner, or any other person found the barrels and decided to dispose of them illegally (by moving them to another location a few blocks away rather than transporting them to a hazardous waste disposal facility), the other person's action would not absolve Smith of liability for cleaning up the site where the barrels eventually came to rest. It was reasonably foreseeable that whoever discovered the waste oil abandoned at the construction site might be tempted to get rid of the oil by moving the barrels a short distance away rather than spending the time and effort necessary to dispose of them properly. Riggs's act of leaving the oil at the construction site was therefore a substantial factor in causing the contamination of the bluff site, *State v. Malone,* 819 P.2d 34, 36 (Alaska App.1991), and Judge Lohff did not err when he held Smith responsible for the environmental damage inflicted upon the site where the barrels ultimately came to rest.

Smith also argues that the damage to the bluff might be partially or even mostly due to other people's acts of illegal dumping. He points out that the DEC assessed the damage to the site almost a year after Riggs's acts of illegal dumping, leaving time for other people to illegally dump hazardous waste at the same site. This is a factual issue to be determined by the sentencing court. The record presently before us contains no indication that the site in question was contaminated by anything other than Smith's waste oil, nor any indication that the DEC would knowingly attempt to make Smith pay for cleaning up anything besides his oil.

The judgment of the district court is AFFIRMED.

BRYNER, C.J., not participating.